Before STATE INDUSTRIAL COMMISSION.

In the Matter of the Claim of MARY CAHILL, Dependent Mother, for Compensation to Herself under the Workmen's Compensation Law, for the Death of JAMES J. CAHILL, *v*. TERRY & TENCH COMPANY, Employer, and TRAVELERS INSURANCE COMPANY, Insurance Carrier.

Third Department, June 30, 1916.

Workmen's Compensation Law — effect of election by widow to commence suit for damages against third party on right of dependent mother to compensation.

An award of compensation may be made to the mother of a deceased employee upon proof of her dependency upon the deceased at the time of the accident, although the widow of the deceased as a dependent and as the administratrix of his estate, has elected under section 29 of the Workmen's Compensation Law to commence an action for damages against a third party, not in the same employ, and such action is actually pending and undetermined.

Section 29 of the Workmen's Compensation Law, so far as it provides for an election of remedies, relates only to such dependents as have an election or may be benefited or affected by an election, and does not include a case like the one in question, where the dependent mother possesses no right of election herself, nor can be benefited by an election of some other person.

QUESTION certified to the Appellate Division for decision by the State Industrial Commission under section 23 of the Work-

men's Compensation Law (Consol. Laws, chap. 67; Laws of 1914, chap. 41).

*Egburt E. Woodbury, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the State Industrial Commission.

*Amos H. Stephens* [*E. Clyde Sherwood* and *William B. Davis* of counsel], for the employer and insurance carrier.

COCHRANE, J.:

The State Industrial Commission has certified the following question: " May an award of compensation be made to Mary Cahill, mother of James J. Cahill, deceased, upon proof of her dependency upon the said James J. Cahill, deceased, at the time of the accident, in view of the fact that Jennie Cahill, his widow, as a dependent and as the administratrix of the estate of James J. Cahill, deceased, has elected under the provisions of section 29 of the Workmen's Compensation Law to commence a suit for damages against a third party not in the same employ, and such suit is now actually pending and undetermined ?"

The action instituted by the widow of the deceased for damages against the third party can in no event benefit the dependent mother. The action is not brought for her benefit. The damages, if any, awarded in that action cannot include compensation to the mother. (Code Civ. Proc. §§ 1903, 1904.)

By section 16, subdivision 4, of the Workmen's Compensation Law (Consol. Laws, chap. 67 [Laws of 1909, chap. 41], as amd. by Laws of 1914, chap. 316), in a case where the injury to a workman causes his death, " if the amount payable to surviving wife (or dependent husband) and to children under the age of eighteen years shall be less in the aggregate than sixty-six and two-thirds per centum of the average wages of the deceased " a dependent parent may receive fifteen per centum of such wages during such dependency. " But in no case shall the aggregate amount payable under this subdivision exceed the difference between sixty six and two-thirds per centum of such wages, and the amount payable as hereinbefore provided to surviving wife (or dependent husband) or for the support of surviving child or children."

Section 29 of the Workmen's Compensation Law provides in part as follows: "If a workman entitled to compensation under this chapter be injured or killed by the negligence or wrong of another not in the same employ, such injured workman, or in case of death, his dependents, shall, before any suit or claim under this chapter, elect whether to take compensation under this chapter or to pursue his remedy against such other. Such election shall be evidenced in such manner as the Commission may by rule or regulation prescribe. If he elect to take compensation under this chapter, the cause of action against such other shall be assigned to the State for the benefit of the State insurance fund, if compensation be payable therefrom, and otherwise to the person or association or corporation liable for the payment of such compensation, and if he elect to proceed against such other, the State insurance fund, person or association or corporation, as the case may be, shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

In this case the dependent mother has no remedy against the third party and can in no event be benefited by the action instituted by the widow. She has no choice of remedies; she has no opportunity for an election; she has no redress for any grievance against any party except under subdivision 4 of section 16 of the Workmen's Compensation Law above set forth. Clearly section 29 of that law has no application to such a case. When it provides that the dependent of a deceased employee shall elect whether to take compensation under the Workmen's Compensation Law or "to pursue his remedy against such other" it means such a dependent as has such a remedy and who can, therefore, make such an election. And when the statute provides that the person electing to take compensation thereunder shall assign his cause of action against a third party, it means a person who has a right of election and who has something which he can assign. And the deficiency which the State insurance fund, person or association or corporation shall contribute means the deficiency representing the difference between the amount recovered against the third party and the "compensation provided or estimated" by the Workmen's Compensation

Law for those who are benefited by or interested in such recovery. Such a person in the present case is the widow and perhaps others who will benefit by the action instituted by her for their benefit as well as her own. But the mother in this instance has no interest in the litigation against the third party and has no claim except such as is created by the Workmen's Compensation Law against the insurer. The person possessing a cause of action against a third party cannot by proceeding against such third party arbitrarily destroy the claim of one whose only protection is under the Workmen's Compensation Law against the insurer. The insurer is not prejudiced. His liability is to various classes of people dependent on the deceased. Some of those dependents but not all have a cause of action against a third party. Those who have such cause of action may pursue it and the employer thereby derives a benefit because the amount of the recovery extinguishes in whole or in part, as the case may be, his liability to those of the claimants who are benefited by the action thus brought. His liability to the claimants not thus benefited is neither increased nor diminished. If in the instant case the widow succeeds in her action against the third party her success will inure to the benefit of the insurer so far as she and those represented by her in her action against the third party are concerned. But whether she succeeds or fails the result will be the same to the insurer so far as the dependent mother is concerned. Within the limitations of said section 16, subdivision 4, the liability of the insurer to the mother is entirely independent of the claim of the widow and will remain the same independently of the result of the action instituted by her against the third party. The amount of the payment to the dependent mother can be fixed definitely and accurately and in no respect depends on either the fact or the amount of the recovery in the action of the widow against the third party. Section 29, so far as it provides for an election of remedies, relates only to such dependents as have an election or may be benefited or affected by an election, and does not include a case like this where the dependent mother possesses no right of election herself nor can be benefited by an election of some other person. To hold otherwise would have the effect of destroying

the liability of the insurer to this mother, provided the widow recovers in her action against the third party as much as the entire benefits under the Workmen's Compensation Law. The meaning of the statute is that in such an event the insurer should be relieved of liability to those who receive full compensation from the third party, but it would be a strange meaning if the insurer were thereby to be relieved of liability to those whose only claim exists against such insurer.

Nothing decided by this court in *Matter of Woodward* v. *Conklin & Son, Inc.* (171 App. Div. 736) has any bearing on the question here presented. In that case we were considering section 29 of the Workmen's Compensation Law with reference to the effect of a release by an injured employee to a third party without the consent of the insurer, and we held that such release in order to be effectual as against the insurer must have the written consent of the latter as required by said section 29. This case presents an entirely different question and one to which the *Woodward* case is quite irrelevant.

The question certified should be answered in the affirmative, and the proceeding remitted to the Commission for further action.

All concurred.

Question certified answered in the affirmative. Proceeding remitted to the Commission for further action.