SUPERIOR MINERALS COMPANY, A CORPORATION, RESPONDENT, v. MISSOURI PACIFIC RAILROAD COMPANY, A CORPORATION, APPELLANT. —45 S. W. (2d) 912.

St. Louis Court of Appeals. Opinion filed February 2, 1932.

Appellant's Motion for Rehearing overruled, February 17, 1932.

Writ of Certiorari granted by Supreme Court, March 15, 1932.

Quashed April 20, 1933.—59 S. W. (2d) 690.

*Thos. J. Cole, Russell L. Dearmont* and *W. C. Russell* for appellant; *Edw. J. White* of counsel.

*A. A. Alexander* and *Charles E. Morrow* for respondent.

BENNICK, C.—This is an action for the wrongful death of John Golden, which his employer, Superior Minerals Company, seeks to maintain pursuant to Section 3309, Revised Statutes 1929, upon the theory that its liability to Golden's dependent widow, Lucy Golden, for compensation under the provisions of the Workmen's Compensation Act (Sections 3299-3376, R. S. 1929) has subrogated it to her right of action against the defendant, Missouri Pacific Railroad Com-

pany, under Section 3262, Revised Statutes 1929. Tried to a jury, a verdict was returned in favor of plaintiff, and against defendant, in the sum of $5,000; and following the overruling of its motion for a new trial, defendant has duly appealed.

The petition alleged that on and prior to October 15, 1928, John Golden was in the employ of plaintiff, and was engaged as such servant at the time he was killed; that both plaintiff and the deceased were at the time operating under, and were subject to, the Workmen's Compensation Act; that the deceased left surviving him a widow, Lucy Golden, but no child or children, either natural born or adopted; that his widow had been dependent upon him for support and maintenance as his wife; that she was his sole dependent under the terms and provisions of the compensation act; and that prior to and at the time of the death of the deceased, he was living with the said Lucy Golden as his wife, and was supporting, maintaining, and caring for her as such.

It was then alleged that by the terms of the compensation act, plaintiff was obligated to pay the amount of compensation provided therein to the said Lucy Golden, as the widow and sole dependent of the deceased; and that it had become liable for, and was paying, compensation to the widow, in accordance with the act, in the aggregate sum of $3,165.

It was further alleged that by the provisions of Section 3309, Revised Statutes 1929, plaintiff was and is subrogated to the right of action of the dependent widow of the deceased against the defendant for damages for the death of the deceased; that it has the right to recover, as the employer of the deceased, the amount of damages and penalties due the widow; that any recovery by plaintiff, as such employer, against the defendant in excess of the compensation paid and to be paid the widow, after deducting the expenses of making such recovery, shall be paid forthwith to the widow; and that plaintiff brings this action, as such employer, under the terms and provisions of the compensation act, for the benefit of itself and the said widow, the sole dependent of the deceased.

Then followed the charge that the deceased met his death on October 15, 1928, as the result of the negligence of defendant in the operation of one of its trains over a public crossing, the petition counting upon several allegations of primary negligence, together with an allegation of negligence under the humanitarian doctrine.

The prayer was for the maximum sum of $10,000 fixed by statute.

In its answer, defendant admitted that at and prior to the time of the death of the deceased, he and plaintiff were operating under the Compensation Act; that he left surviving him his widow, Lucy Golden, but no child or children, either natural born or adopted; that the said widow had been dependent upon the deceased for sup-

port and maintenance as his wife; and that she was his sole dependent under the terms of the Workmen's Compensation Act prior to and at the time of his death.

It was then alleged that the said Lucy Golden was the only person entitled, under the provisions of Section 3262, Revised Statutes 1929, to institute and maintain an action against defendant for the death of the deceased; and defendant specifically denied that plaintiff was or is subrogated to the right of the widow to maintain this action against it for the death of her husband.

The answer then concluded with a specific denial of each and every allegation of negligence in the petition contained, coupled with a plea of contributory negligence on the part of the deceased.

The reply was in the conventional form.

The casualty occurred at the point where the public highway leading from Cadet to Potosi, Missouri, crosses one of the spur tracks of the defendant railroad company. The deceased was hauling a load of gravel along the highway, and across the railroad track, in the regular course of his duties for his employer. The train was made up of four or five cars, which were being pushed ahead of the engine. The wagon upon which the deceased was riding had just come upon the track when it was struck by the first car in the train, and was pushed down the track for a distance of something near eighty feet to the point where the body of the deceased was found.

The outstanding and vital question in the case is the right of plaintiff, the employer of the deceased, to have maintained and prosecuted this action as one subrogated to the right of action for wrongful death otherwise existing in the dependent widow, Lucy Golden. Defendant argues, of course, that under the provisions of our wrongful-death statute (Section 3262, R. S. 1929), and in the light of the circumstances of this case, the right of action was vested exclusively in the widow throughout the entire suable period; and that there is nothing about our compensation act which serves in any manner to abrogate or abridge the wrongful-death statute, or to give a right of action where none existed before.

It is conceded by all the parties that if plaintiff has a right of action, it is derived solely from the provisions of Section 3309, Revised Statutes 1929, which (omitting all reference to rights accruing for purely personal injuries to an employee), will be found to read as follows:

"Where a third person is liable . . . to the dependents, . . . for the . . . death, the employer shall be subrogated to the right of . . . the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such . . . dependents, but such employer may recover any amount which such . . . dependents, would have been entitled to recover. Any recovery by the employer

against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to . . . the dependents, and shall be treated as an advance payment by the employer, on account of any further installments of compensation.''

Heretofore we have had occasion to construe the above section of the act, relating generally to the enforcement of third-party liability, along with so much of Section 3301, Revised Statutes 1929, as provides that the rights and remedies granted by the act shall exclude all other rights and remedies of the employee, his dependents, etc., at common law or otherwise, on account of the injury or death.

We have held—and we think entirely properly so—that the above provision of Section 3301 applies solely to rights and remedies theretofore existing in favor of the employee or his dependents against the employer, and that such section of the act in nowise purports to destroy or take away any right of action accruing to the employee or his dependents, at common law or by statute, against an offending third party outside the pale of the act, whose negligence has been proximately responsible for the injury or death. [McKenzie v. Missouri Stables, Inc. (Mo. App.), 34 S. W. (2d) 136; Sylcox v. National Lead Co. (Mo. App.), 38 S. W. (2d) 497.]

Likewise we have held in somewhat the same connection that even though Section 3309, the subrogation statute, does not deprive the injured employee, as a real party in interest, of the right to maintain an action against the third party, yet it does, by a process of conventional subrogation in the nature of an assignment, plainly invest the employer liable for compensation with the right to bring and maintain the action against such third party, in his own name, but for the benefit of both himself and the injured employee. [McKenzie v. Missouri Stables, Inc., supra.] It will be recalled, however, that our construction of the statute came in a case where the injured employee was himself asserting his right to sue the third party, despite the receipt of compensation from his employer and in the face of the statute; and though certain language in the concluding portion of our principal opinion discloses the fact that we anticipated the occurrence of a situation such as, or similar to, the one which is now before us, the question of the right of the dependents designated in the compensation act, or of the employer through subrogation to the rights of the dependents, to bring and maintain an action for the employee's wrongful death, was not presented for our decision.

The general rule is that where a statute gives a cause of action, and points out the persons who may sue, they and they alone can sue, and they must sue within the time prescribed thereby. [Oates v. Union P. Ry. Co., 104 Mo. 514, 16 S. W. 487.] Prior to the enactment of our compensation law at least, this rule was particularly applicable

to the institution and maintenance of an action for wrongful death, as every lawyer fully appreciates. Our courts have held time and time again that inasmuch as the right of action for wrongful death is purely statutory and in derogation of the common law, such action must be instituted within the time prescribed, and by the person or persons to whom the right of action is given, by the statute under which the action is brought; and that the petition must show the right of the plaintiff or plaintiffs to sue, and that all the statutory requirements necessary to confer the right of action have been met, else it will state no cause of action. Many cases might be cited announcing this doctrine, but of the multitude which are reported in the books, the following will serve to illustrate the rule as well as any others: Barker v. The Hannibal & St. J. R. Co., 91 Mo. 86, 14 S. W. 280; Betz v. Kansas City S. Ry. Co., 314 Mo. 390, 284 S. W. 455; O'Donnell v. Wells, 323 Mo. 1170, 21 S. W. (2d) 762; Clark v. Kansas City, St. L. & C. R. Co., 219 Mo. 524, 118 S. W. 40; Longan v. Kansas City Rys. Co., 299 Mo. 561, 253 S. W. 758; Freie v. St. Louis-S. F. Ry. Co., 283 Mo. 457, 222 S. W. 824.

Now while it is true that Lucy Golden, the widow of the deceased, had a statutory cause of action for his wrongful death which she would have been entitled to assert upon the conditions laid down in the statute regardless of the fact that she had obtained an award for compensation save only as it bore upon the question of the employer's right to share in the recovery, it must be borne in mind that she is not attempting to assert her right of action as the beneficiary designated in the wrongful-death statute, but that this action is attempted to be brought solely by the employer, a party not named in the wrongful-death statute, pursuant to the authority which it claims is conferred upon it by Section 3309, Revised Statutes 1929, which has heretofore been quoted. In other words, the procedure followed in this case seems at first blush to do violence to the strict construction consistently put upon the wrongful-death statute since the very time of its enactment, in that this action, though brought within the time prescribed by the statute, is prosecuted at the instance of one not mentioned as a beneficiary therein. Our task is therefore to determine to what extent, if any, the wrongful-death statute has been abridged or abrogated by the compensation act as to cases falling within the purview of both; and if both are to stand, to reconcile and harmonize what might appear to be their conflicting provisions, if possible.

Decisions from other states are not greatly helpful to us in the solution of our own problems, due to the vital differences to be found in the terms of either their compensation acts or else their wrongful-death statutes. In a number of states where the compensation acts in express terms require the dependents to elect whether to take compensation or to pursue their remedy against the third party, but

deny them the right to pursue both remedies concurrently, it is held that such acts reveal the legislative intention to give the dependents designated in the compensation law a right of action for the employee's wrongful death, independent of, or at least in enlargement of, the cause of action provided by the wrongful-death statute itself, but to be prosecuted in accordance with its provisions. It is also held that upon the election of the dependents to take compensation, their right of action is thereby assigned by operation of law to the employer, insurer, or state insurance fund, as the case may be, the same to be exercised by the latter for the purpose of securing indemnification for the amount of compensation paid from the one primarily liable for the death. [The Travelers Insurance Co. v. Louis Padula Co., Inc., 224 N. Y. 397, 121 N. E. 348; Georgia Casualty Co. v. Haygood, 210 Ala. 56, 97 So. 87; Clough & Molloy v. Shilling, 149 Md. 189, 131 Atl. 343; Silvia v. Scotten (Del.), 122 Atl. 513; Consolidated Underwriters v. Kirby Lumber Co. (Tex. Com. App.), 267 S. W. 703.]

The case largely relied upon by defendant as decisive of the present action is Luckey v. Union P. R. Co., 117 Neb. 85, 219 N. W. 802, which construes the subrogation section of the Nebraska Compensation Act, which is identical with our own, and from which our own section was undoubtedly copied. The court there held that the compensation act created no cause of action against the third party negligently causing the employee's death, and that the authority to bring and maintain such an action was to be derived solely from the Nebraska wrongful-death statute, which gives the right of action to the personal representative of the deceased for the exclusive benefit of his widow and next of kin. Consequently the court was forced to the conclusion that the dependents entitled to compensation had no right of action for the wrongful death of the employee, unless it was given them by the compensation act; and inasmuch as no right of action had been thereby conferred upon them, they had no right to which the employer could be subrogated, the language of the section to the contrary notwithstanding.

Plainly the effect of our own subrogation section is to be distinguished from that of the acts construed in the cases first referred to, where the language of the acts warrants the belief that the legislative intent was either to create a new cause of action in death cases falling within their scope and purview, or else to enlarge upon the identity of the beneficiaries designated in the several wrongful-death statutes. Our own act, differing from such class of compensation laws, gives rise to no cause of action where none existed before, as the Nebraska court held in construing the identical statute; and were it not for the differences existing between the Nebraska wrongful-death statute and our own with respect to who are the beneficiaries thereunder, the Luckey case might readily be thought to be entirely de-

cisive of the one at bar, as counsel for defendant so earnestly contend.

In Nebraska the personal representative of the deceased, who is solely vested with the right of action for his wrongful death, would never be a dependent, in his representative capacity at least, entitled to compensation proper, within the contemplation of the act; but a far different situation obtains in our own jurisdiction. In this very instance, not only does the widow, Lucy Golden, possess the sole right of action so far as our wrongful-death statute is concerned, but she is also the sole dependent under the terms of the compensation act. Indeed, there will undoubtedly be many cases where the identity of the beneficiaries under the one statute and the dependents under the other will be in whole or in part the same, but the necessities of this case require no reference to the rights accruing, or complications arising, under such possible and entirely probable situations.

Now in construing Section 3309, Revised Statutes 1929, we are bound to search for, and to give effect to, the true legislative intent expressed therein to the extent that the language used legitimately reveals it; and it is to be presumed that the entire section was designed to have a purpose and an effect, and that no absurd or vain use of words was employed. The section plainly says that where a third person is liable to the dependents for the death, the employer shall be subrogated to the right of the dependents against such third person, and may recover any amount which the dependents would have been entitled to recover. Whatever liability the third person might have to the defendants would obviously be under our wrongful-death statute, and under it alone; and if such statute gives rise to no liability in the particular case, then necessarily the dependents could have no cause of action, and the doctrine of subrogation could have no play.

In other words, our compensation act neither creates a new cause of action for wrongful death apart from, or independent of, that provided by the original death statute, nor does it enlarge upon the identity of the beneficiaries who are designated therein, save only as it contemplates the subrogation of the employer in those particular instances where the dependents are such as to have a cause of action under the original statute. Thus the only effect which the enactment of our compensation act has had upon the terms of, and the procedure to be followed under, the wrongful-death statute is that it has provided for the employer's right of subrogation in that limited class of death cases where the employer is liable for compensation, and there is a third-party liability which is subject to enforcement under the provisions of the latter statute. We concede that an assignment by operation of law is thereby authorized in a class of personal actions where it would have been unwarranted under the existing order of things, but the power and authority of the Legislature

to have provided for such an assignment as it did is not to be questioned or denied. [Georgia Casualty Co. v. Haygood, supra; Consolidated Underwriters v. Kirby Lumber Co., supra.]

We conclude, therefore, that Lucy Golden, the widow of the deceased, had a cause of action under the wrongful-death statute, which was not destroyed or taken away by the fact that her husband's death was occasioned under circumstances entitling her to an award of compensation; and that inasmuch as the case is one of third-party liability which is subject to enforcement by the employer, the dependent under the act being a beneficiary under the wrongful-death statute, the plaintiff employer is subrogated by Section 3309, Revised Statutes 1929, to the right of action vested in the dependent, which means that it has the right to maintain this suit.

But defendant argues that even if the above conclusion be generally true, still it would be the insurer, and not the employer, who should maintain the action in the present instance, in view of the evidence that compensation to the widow was being paid by the Constitutional Indemnity Company, which is plaintiff's insurance carrier. Suffice it to say that Section 3309, Revised Statutes 1929, by its plain terms invests the employer with at least sufficient title to maintain the action. We are not saying that the insurer might not also have been a proper party plaintiff. However, that objection, if such it may be termed, which did not appear upon the face of the petition, was not raised by answer; and even if there was a defect in the designation of the parties plaintiff, which we do not determine, it was nevertheless waived by defendant in the lower court. [Sec. 774, R. S. 1929; Collins v. Lindsay (Mo. Sup.), 25 S. W. (2d) 84; Webb v. Salisbury (Mo. Sup.), 39 S. W. (2d) 1045; Lochmann v. Brown (Mo. App.), 20 S. W. (2d) 561; Clarkson v. Importers' & Exporters' Insurance Co. (Mo. App.), 15 S. W. (2d) 939.] And we may add in passing that if the insurer has a beneficial interest in the recovery, as the facts of the case would seem to indicate, the question of how and when that interest is to be asserted, if such a step should be necessary, is one which we are not now called upon to decide.

There are other assignments of error which go to the propriety of certain of the instructions which were given for plaintiff. Though noted among the points and authorities, these assignments have been entirely abandoned in the course of the argument. Nevertheless we have examined into the matters referred to, and find the claim of error groundless.

It follows for the reasons stated that the judgment rendered by the circuit court should be affirmed; and the Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Haid, P. J.*, and *Becker* and *Nipper, JJ.*, concur.