STATE EX REL. MISSOURI PACIFIC RAILROAD COMPANY, a Corporation, Relator, v. GEORGE F. HAID, WILLIAM DEE BECKER, SIMON G. NIPPER, Judges of St. Louis Court of Appeals, and SUPERIOR MINERALS CORPORATION, a Corporation.—59 S. W. (2d) 690.

Court en Banc, April 19, 1933.

*Thos. J. Cole* and *Dearmont & Russell* for relator; *Edward J. White* of counsel.

*A. A. Alexander* and *Charles E. Morrow* for respondent.

618

ELLISON, J.—Certiorari to the judges of the St. Louis Court of Appeals bringing up the record in Superior Minerals Corporation v. Missouri Pacific Railway Company. The opinion written in that court is reported in 45 S. W. (2d) 912. We shall give only a brief summary of the facts as there stated.

The respondent Superior Minerals Corporation was employer of John Golden. Both were under the Missouri Workmen's Compensation Act, Sections 3299-3376, Revised Statutes 1929. While hauling a load of gravel in the course of his employment Golden was struck and killed by one of the relator's trains at a highway crossing in Washington County. He left a widow but no children or other dependents. The widow filed with the Compensation Commission a claim against the employer and was awarded the aggregate sum of $3165, which award the employer's insurance carrier, the Constitutional Indemnity Company, is paying as the installments come due.

The *employer*, as subrogee of the widow under Section 3309, Revised Statutes 1929, thereupon instituted the above mentioned suit in the Circuit Court of Washington County against the relator, Missouri Pacific Railroad Company, based on the wrongful death statute, Section 3262, Revised Statutes 1929, charging the death of Golden was occasioned by the negligence of the railroad company. The suit was not filed in the name of the widow or the insurance carrier, nor were they joined as parties plaintiff. The employer

recovered judgment for $5000. The railroad company appealed to the St. Louis Court of Appeals where the judgment was affirmed by the opinion aforesaid.

Relator contends here that in holding the employer could maintain the action the Court of Appeals' opinion contravenes controlling decisions of this court in three respects:

(1) because we have consistently ruled in many cases running from O'Donnell v. Wells, 323 Mo. 1170, 21 S. W. (2d) 762, back to the original enactment of the wrongful death statute in 1855 that action thereunder can be brought only by the persons designated therein:

(2) because it has been held that subrogation "is an equitable doctrine proceeding only on the theory that payment has been made." State ex rel. Kilkenny v. Daues (Mo. Div. 1), 289 S. W. 550, and Mathews v. Switzler, 46 Mo. 301, whereas the opinion of the Court of Appeals discloses nothing had been paid to the widow by the plaintiff employer, but that all compensation installments received by her had been paid by the insurance carrier—a stranger to the suit;

(3) because the employer was permitted to recover on evidence showing the compensation payments were being made by the insurance carrier, as just stated, whereas its petition alleged it (the employer) was making the payments, thereby contravening decisions of this court holding a party must make at least *prima facie* proof of the material allegations of his petition.

I. Taking up these assignments in their order. The respondent judges do not fail to recognize in their opinion that numerous decisions of this court hold a party seeking to recover under the wrongful death statutes must come squarely within the terms thereof—as being the husband, wife, minor child, father, mother, administrator or executor of the deceased,—and must both plead and prove his right to sue in the particular circumstances of the case. On the contrary they expressly concede that fact and cite many of our decisions; and they further concede the employer in the case here under review does not come within the designated class. But they say Section 11 of the Compensation Act of 1927, now Section 3309, Revised Statutes 1929, "abrogates or abridges" the death statutes to the extent of allowing an employer to sue thereunder as subrogee in certain circumstances. The new statute, Section 3309, is as follows:

"Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the

amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation.''

The opinion of the respondent judges in substance and effect holds: (1) Section 3309 does not create a new cause of action for wrongful death; (2) or enlarge the class of beneficiaries specified in the wrongful death statutes; (3) but does confer upon an employer a substitutional right of action under the death statutes against responsible third persons, by way of subrogation, (a) where the employer has become liable to pay compensation on account of the death of an employee, (b) and the beneficiaries who could sue under the death statutes are the same as the dependents to whom the compensation is due.

This holding is not contrary to anything this court has decided. The Court of Appeals has simply construed the new statute, Section 3309, in connection with the wrongful death statute, Section 3262, and declared the effect of the two, considered together. This does not contravene our decisions construing the latter statute standing alone. The General Assembly had the right to change the law, and the Court of Appeals had the right to construe it as changed, so far as such construction is not out of harmony with controlling decisions of this court. Not only is it true that this court has rendered no decision conflicting with the conclusions of the St. Louis Court of Appeals, but, on the contrary, in General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S. W. (2d) 443, decided by Division One on December 20, the opinion of the respondent judges was cited as authority, and it was conceded an employer could sue under the death statute by virtue of the provisions of said Section 3309, though that was not the point primarily at issue.

■ II. The Court of Appeals' opinion discloses the compensation awarded to the widow of the deceased Golden was being paid by the employer's insurance carrier, the Constitutional Indemnity Company, and not by the employer corporation itself. Yet the opinion held the employer as subrogee could maintain the action for wrongful death against the relator railroad company. This was put on the ground that the subrogation statute, Section 3309, invested the employer, the Superior Minerals Corporation, with sufficient title in

the cause of action to authorize it to maintain the suit notwithstanding the compensation was being paid by the insurance company, and regardless of whether the latter could or should have been joined as a plaintiff. (Sec. 3304 of the compensation chapter says, "Any reference to the employer shall also include his insurer.") The theory of the Court of Appeals on this last proposition was that if the failure to implead the insurer as a plaintiff worked a defect of parties, the defect was waived because no objection on that ground was taken by demurrer or answer. [See Secs. 770, 774. R. S. 1929.]

All the foregoing conclusions are assailed by the relator here as being in conflict with Mathews v. Switzler, 46 Mo. 301, and State ex rel. Kilkenny v. Daues (Mo.), 289 S. W. 550, particularly the latter case where it is said subrogation "is an equitable doctrine proceeding only on the theory that payment has been made." Such undoubtedly is the general rule as applied to legal subrogation and even to conventional subrogation where the contract creating the right does not provide otherwise. [60 C. J. sec. 28, pp. 719, 720.] But subrogation under the Workmen's Compensation Act springs from a statute which in effect is a contractual engagement between the employer and employee; and the statute, Section 3309, supra. prescribes the conditions on which the right shall arise. It was with these that the Court of Appeals' opinion was dealing. The general rule announced in the Mathews and Kilkenny cases has no reference whatever to the questions raised by this statute, and hence there is and can be no conflict between what is said in those cases and the ruling of the respondent judges here under review.

As a matter of fact—without going into the merits of the question any further than is necessary to demonstrate there is no conflict—Section 3309 by its plain terms discloses that *payment* of the Compensation due an employee, or the dependents of a deceased employee, is not a condition precedent to the employer's exercise of his right of subrogation. The statute expressly says "the recovery by such employer shall not be limited to the amount *payable* as compensation to such employee or dependents," and goes on to provide the employer may recover "any amount which such employee or his dependents would have been entitled to recover," and that the excess above the compensation paid by the employer and the expenses of recovery, shall be turned over to the employee or dependents and treated "as an *advance payment*" on "*future installments.*" (Italics ours.) Obviously, these provisions present questions entirely different from those in contemplation in the Mathews and Kilkenny cases. The statute has been discussed in McKenzie v. Missouri Stables, Inc., 225 Mo. App. 64, 34 S. W. (2d) 136, and Gayhart v. Monarch Wrecking Co., 226 Mo. App. 1118, 49 S. W. (2d) 265; and both of those

cases, as well as the respondents' opinion here involved, were cited approvingly in General Box Co. v. Missouri Utilities Co., supra, 331 Mo. 845, 55 S. W. (2d) 442, decided by this court. There is no conflict with the decisions of this court.

III. As appears from the face of the opinion, the employer's petition in its suit against the relator alleged it (the employer) was paying the compensation awarded to the widow, whereas the evidence showed such payments were being made by the insurance carrier. Relator contends that because of these facts the respondents' opinion conflicts with controlling decisions of this court in that it permitted the employer to recover without even *prima facie* proof of the case pleaded. But in view of the respondents' holding that the employer could maintain the suit regardless of whether it or the insurance carrier had paid the compensation, the departure was immaterial—so far as concerns the question whether the proof would support a recovery. A failure of proof never occurs except where the petition is unproven in its entire scope and meaning. [Sec. 1001, R. S. 1929; Young v. Levine, 326 Mo. 593, 604, 31 S. W. (2d) 978, 982.] Whether the variance though not fatal was material in the sense that it actually misled the defendant-relator (Secs. 817. 818, R. S. 1929) is another matter, and raises a question not involved in this proceeding.

Our writ of certiorari was improperly issued and should be quashed. It is so ordered.

All concur, except *Leedy, J.,* not sitting.