Morse Dry Dock and Repair Company, Appellant, v. The Hanover Fire Insurance Company of the City of New York, Respondent.— Order staying proceedings affirmed, with ten dollars costs and disbursements. Appeal from order denying motion for reargument dismissed. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

Parkway Housing Corporation, Respondent, v. Louis Fleischman and Others, Defendants, Impleaded with Sylvia Reitman, Purchaser, Appellant.— Order directing purchaser to complete purchase and order granting reargument and on reargument confirming said order affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

Anna Martin Ralston, Respondent, v. Brooklyn Daily Eagle and Others, Appellants.— Order denying defendants' motion for judgment on the pleadings affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Young, Kapper, Scudder and Tompkins, JJ., concur.

Else Rauscher, Respondent, v. August F. C. Rauscher, Appellant.— Judgment unanimously affirmed, with costs. The evidence is sufficient to sustain the judgment on the ground of abandonment and lack of support. It appears that the defendant paid the alimony of twenty dollars a week granted *pendente lite,* which was continued by the final judgment. This, together with the other evidence on the subject, is sufficient to uphold the award of alimony. Present — Lazansky P. J., Young, Kapper, Scudder and Tompkins, JJ.

Angelina Russo, as Administratrix, etc., of Guiseppe Di Francesco, Deceased, Appellant, v. Antonio Muro and Anthony Muro, Jr., an Infant over the Age of Fourteen Years, Respondents.— Judgment reversed on the law and a new trial granted, costs to abide the event. In our opinion, the plaintiff was not a dependent of the decedent and was, therefore, not entitled to any benefit under the Workmen's Compensation Law and so was not put to an election to claim under that law or maintain this action. The claim made by the father of the decedent's grandchildren and the award for their benefit under that law did not constitute an election which barred this action. (*Matter of Zirpola* v. *Casselman, Inc.,* 237 N. Y. 367; *Matter of Cahill* v. *Terry & Tench Co.,* 173 App. Div. 418; *Matter of Petrone* v. *U. S. Trucking Corp.,* 236 id. 531.) The portion of the funeral expenses which constituted a part of the award to the grandchildren must, of course, be deducted from any damages which plaintiff may recover. Lazansky, P. J., Young, Kapper Scudder and Tompkins, JJ., concur.

Tillie Safir, Appellant, v. Abraham Safir, Respondent.— Order modified by adding to the words " that there be no temporary alimony " the following: " for the period between February 27, 1933, and date of trial." As thus modified the order, in so far as appealed from, is affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.

Claribel F. Staehr, Respondent, v. Walter C. Staehr, Appellant.— Order adjudging defendant in contempt modified by reducing the amount of the fine from $525 to $500, the actual amount of arrears, and as so modified affirmed, without costs. No opinion. Lazansky, P. J., Young, Hagarty, Carswell and Davis, JJ., concur.