LIBERTY MUTUAL INSURANCE COMPANY, Plaintiff, *v.* JACOB E. MUELLER, Defendant.

Supreme Court, Erie County, March 9, 1935.

*Dudley, Stowe & Sawyer* [*Roy P. Ohlin* of counsel], for the plaintiff.

*Kimball & Smith* [*Esmond D. Murphy* of counsel], for the defendant.

HINKLEY, J. One James Duggan, an employee of Airport Publishers, Inc., was killed by falling into an elevator shaft while in performance of his duties as such employee. It is claimed that the death was due to the negligence of defendant, the owner of the building, in the maintenance of the elevator and its approaches. The right to bring an action arose against the defendant under section 130 of the Decedent Estate Law in favor of the executor or administrator of the deceased for the benefit of the widow and next of kin. By virtue of section 29 of the Workmen's Compensation Law the widow and next of kin elected to pursue their remedy against the defendant, who was a person other than the employer of the said deceased. That action was settled, compromised and discontinued by the payment by defendant to the administrator of the estate of said deceased of the sum of $2,900.

By virtue of subdivision 4 of section 16 of the Workmen's Compensation Law the mother of deceased made application for compensation as a dependent. An award was made upon that application, and the plaintiff, as insurance carrier for the employer of deceased, was required to pay compensation to said dependent mother of deceased.

The bringing and the compromise of the action by the administrator of deceased for the benefit of the widow and next of kin in no way affects the right of the dependent mother to receive compensation. "A cause of action for injuries resulting in death, prosecuted by an administrator against some one other than the employer, is for the benefit, not of dependents as defined by the Workmen's Compensation Act, but of next of kin as defined by the Code [§§ 1903, 1905], or by the Decedent Estate Law, continuing the Code provisions [§§ 133, 134]." (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, at p. 370.) "The dependent mother has no remedy against the third party and can in no event be benefited by the action instituted by the widow. She has no choice of remedies; she has no opportunity for an election; she has no redress for any grievance against any party except under subdivision 4 of section 16 of the Workmen's Compensation Law * * * section 29 of that law [election and subrogation] has no application to such a case." (*Cahill* v. *Terry & Tench Co.*, 173 App. Div. 418, at p. 420.)

Plaintiff herein does not base its claim in dispute of the authorities above set forth nor does the plaintiff claim either that a cause of action existed in favor of the dependent mother against the defendant nor that the plaintiff has any right of subrogation.

The plaintiff's contention, as the court understands it, is that the statute which requires the employer, who was insured by the plaintiff, to pay compensation to the dependent mother quickens into life a principle of the common law that one subjected to liability, as was the plaintiff in this case, by reason of the wrongful act of another, has a right of action against the wrongdoer for indemnity. Under the common law no right of action existed for causing death by a negligent act. (*Roche* v. *St. John's Riverside Hospital*, 96 Misc. 289; affd., 176 App. Div. 885, without opinion; 15 Am. Dig., Death, § 10.)

Counsel for plaintiff relies upon a statement in *Staples* v. *Central Surety & Ins. Corp.* (62 F. [2d] 650). That and other cases relied upon are actions for personal injuries and not for death, or are actions in which a right of subrogation existed. No authority has been cited which gives a cause of action for causing death by negligent act save as is contained in the Decedent Estate Law.

Under that statute the mother had no cause of action nor right to share in any cause of action against defendant to which plaintiff could be subrogated. The defendant, by his compromise of the action brought against him under the Decedent Estate Law for the benefit of the widow and next of kin, has fulfilled his obligation, which was entirely statutory and did not exist under the common law. The Legislature might but has not as yet extended under the Decedent Estate Law the beneficiaries of a death by wrongful act to include a dependent mother.

Motion to dismiss complaint granted, with ten dollars costs.