Esther DANIELS, Larry Daniels, Jerald Daniels and Judy Daniels, Minors, by Esther Daniels, their Mother and Natural Guardian (Claimants), Appellants-Respondents,

v.

H. W. KROEGER, d/b/a H. W. Kroeger Erection Company (Employer) and Hartford Accident & Indemnity Company, a Corporation (Insurer), Respondents-Appellants.

Nos. 29514–29532.

St. Louis Court of Appeals. Missouri.

Sept. 18, 1956.

Motion for Rehearing or to Transfer to Supreme Court Denied Nov. 13, 1956.

Orville Richardson, Hullverson & Richardson, St. Louis, for Esther Daniels and others.

John S. Marsalek, Moser, Marsalek, Carpenter, Cleary & Carter, St. Louis, for H. W. Kroeger and others.

HOUSER, Commissioner.

This is a death claim under the Workmen's Compensation Act, Section 287.010 et seq. RSMo 1949, V.A.M.S., brought by the surviving wife and three minor children, dependents of the deceased employee. Claimants, as well as employer and insurer, have appealed from the judgment of the Circuit Court of St. Louis County affirming the final award of the industrial commission, which in turn upheld the award and findings of fact of a referee. That award subjected the $6,400 allowed the surviving wife to a subrogation credit in favor of employer on account of a recovery by her in a wrongful death action against negligent third parties and further allowed a total of $6,000 to the dependent minor children without subjecting the latter to any subrogation credit.

On October 24, 1952 Hugh Daniels, an employee of H. W. Kroeger, d/b/a H. W. Kroeger Erection Company, was electrocuted by the negligence of third parties, McDonnell Aircraft Company and S. C. Sachs Company, in an accident arising out of and in the course of his employment.

Undisputed and pertinent findings of fact made by the referee include the following:

"Employee's total dependents are his widow, Esther Daniels, who is now 35

years of age; and their three minor children, Larry, Jerald and Judy, who are 15, 13 and 8 years of age, respectively. At the time of employee's death, the family was living in a home which employee and his wife were buying. The wife did all the housework, cooked the meals, took care of the children and did the ordinary duties of a housewife. The expenses of the family were taken care of by the earnings of the employee except for some earnings of the oldest boy, Larry, which amounted to about $9.00 or $12.00 a week. All of the children were going to school and the parents hoped to be able to send each of them to college. Except for the home in which the family lived, the employee and his wife had no property except a 1952 Ford in the name of the employee, a joint bank account of a little over $1,000.00, and two insurance policies on the employee's life, one of which paid $100.00 upon employee's death; and the other policy paid the wife $100.00 per month for the two years following employee's death. In addition to the foregoing, the testimony of employee's wife shows that since employee's death she has been receiving Social Security benefits. Her testimony also shows that she has some thyroid trouble for which she has been going to a doctor and taking some medicine, and that the little eight year old girl, Judy, has some difficulty with her eyes for which she has been going to a doctor and has to wear glasses or the condition could be serious and result in the loss of the sight of one or both of her eyes. Also Judy may have to have her tonsils removed. Except for the above mentioned physical ailments, the widow and Judy are in reasonably good health and it appears that the two boys, Larry and Jerald, have no known physical ailments."

The widow, Esther Daniels, and employer's insurer, Hartford Accident & Indem-

nity Company, employed attorneys to file a common law action against the negligent third parties for damages sustained by her on account of the death of her husband under the wrongful death statute then in force, §.537.080.[1] This action was filed in the name of the widow within six months after the death of her husband. Thereafter McDonnell Aircraft Company and S. C. Sachs Company offered to pay the widow and the employer's insurer in settlement of the action the sum of $15,000. This amount was agreeable to the widow and insurer, but they disagreed concerning the division of the net proceeds, as a consequence of which the releases and settlement papers have not been executed and delivered and the $15,000 has not been paid in actual consummation of the settlement agreement.

The amount of compensation awarded by the referee as affirmed by the industrial commission was $12,000 (400 weeks at $30 per week) plus a $400 burial allowance. The referee divided the $12,000 among the dependent widow and children as follows: to the surviving wife $6,000 ($15 per week for 400 weeks); to sons Larry and Jerald $1,500 each ($3.75 per week for 400 weeks; and to daughter Judy $3,000 ($7.50 per week for 400 weeks), all subject to credits for compensation already paid, and attorneys' fees.

Claimants urge on this appeal that the industrial commission erred in awarding 50% of the death benefit to the surviving wife; that on the basis of need and dependency no more than 25% of the death benefit should have been apportioned to her. Claimants further contend that the commission erred in finding that there has been a *settlement* of the wrongful death action, and that the commission had no jurisdiction to apply the "proceeds" of the prospective settlement as a credit in favor of employer and insurer toward their liability to the surviving wife. Employer and insurer dispute these contentions and on their appeal as-

---

1. All citations of section numbers refer to RSMo 1949, V.A.M.S. unless otherwise indicated.

sert error on the part of the commission in holding that employer and insurer remained liable to the minor dependents for $6,000 in compensation, contending that the full amount of the third party recovery ($15,-000) should be credited to the employer and insurer not only as against the amount awarded the surviving wife but also as against the amount awarded the minor children. We will consider these contentions in order.

■ Claimants assert that the evidence clearly shows that the children were more dependent upon their father and are now in greater need than their mother; that, while the amount of food, clothing and shelter needed by the surviving wife on the one hand and the three children on the other is roughly equal, the children have additional needs: health, educational, etc. which they in their helpless condition of minority cannot provide for themselves; that because of Social Security, her ability to work and earn money, and because of the possibility of remarriage, the surviving wife is in a more secure position, so that the children should have been awarded at least 75% of the death benefit. Section 287.240(4) (b) provides that where a deceased employee leaves a dependent wife and children "the death benefit shall be divided among them in such proportion as may be determined by the commission after considering their ages and other facts bearing on such dependency." The commission heard the evidence and made its findings. Findings of fact on the question of dependency are for the industrial commission and not for this court to determine, Isaacson v. Central Coal & Coke Co., 226 Mo.App. 644, 44 S.W.2d 232, and like other findings of fact are not to be set aside except where clearly contrary to the overwhelming weight of the evidence, Wood v. Wagner Elec. Corp., 355 Mo. 670, 197 S.W. 2d 647; Powers v. Universal Atlas Cement Co., Mo.App., 261 S.W.2d 512, viewed in the light most favorable to the successful party below. Long v. Mississippi Lime Co. of Mo., Mo.App., 257 S.W.2d 167. The commission reasonably could have made its findings and reached its result upon a consideration of all of the evidence before it on the question of dependency and we cannot say that its determination in this respect is clearly contrary to the overwhelming weight of the evidence.

■ Claimants make the further point that there was no "settlement" of the lawsuit; that the commission had no jurisdiction to make a conditional ruling dependent upon the final consummation of the agreement of settlement after the question of credits is settled; that any such determination now would be premature and advisory only; that no formal judgment or entry of an award of "credit" in such instance is required; that the Act is self-enforcing and that upon payment of the third party claim the employer and insurer automatically will be entitled to credits and reimbursements under the Act. The referee found that a settlement for $15,000 was agreed to but that the widow and employer's insurer disputed the division of the money and for that reason have not accepted payment and declared that under the law the parties to the litigation had "reached a settlement agreement." This finding is supported by the evidence. On the question of jurisdiction: the employer and insurer, by answer, asserted the right to have the third party recovery applied as a credit against their entire compensation liability. Claimants contested that right. An issue was thus drawn and a "dispute" existed within the meaning of § 287.460 providing for the hearing of the parties "at issue" and for the determination of "the dispute." The division, authorized by said section to make an award, "together with a statement of the findings of fact, rulings of law and any other matters pertinent to the question at issue," had jurisdiction and the duty "to rule upon every issue presented which pertains to a determination of liability under the Act." Liechty v. Kansas City Bridge Co., Mo. Sup., 162 S.W.2d 275, 280; Harris v. Pine Cleaners, Inc., Mo.App., 274 S.W.2d 328.

Liability under the Act required a determination of the net sums, if any, payable as compensation to the respective claimants and therefore directly involved a determination of the credits to be given for amounts recovered in settlement of third party litigation.

■ The principal question for decision on this appeal is the extent of credit the employer is to be allowed out of the third party recovery. It is not denied that out of the $15,000 (after deducting the expenses of making such recovery) the employer is entitled to credit for $6,400 (the total amount awarded the surviving wife under the Workmen's Compensation Act). The critical question is whether the employer is also entitled to credit for an additional $6,000 (the amount awarded to the minor children under the Act).

Whatever rights the employer has in this connection flow from the subrogation section of the Workmen's Compensation Act in effect on October 24, 1952,[2] which must be considered in relation to the wrongful death statute then in effect.[3]

Section 287.150 was embodied in the Act for the protection and benefit of the employer liable for compensation and is designed to afford him indemnity for the compensation payable by him. McKenzie v. Missouri Stables, 225 Mo.App. 64, 34 S.W. 2d 136. This section effects a statutory assignment of the entire cause of action of the dependents against the negligent third person causing the death. Under § 287.150 the employer can sue the negligent third

person in his own name, Superior Minerals Co. v. Missouri Pac. R. Co., 227 Mo.App. 1044, 45 S.W.2d 912, certiorari quashed State ex rel. and to Use of Missouri Pac. R. Co. v. Haid, 332 Mo. 616, 59 S.W.2d 690, and recover the entire damages sustained by the dependents, not merely a pro tanto recovery by way of reimbursement of the compensation paid or to be paid. General Box Co. v. Missouri Utilities Co., 331 Mo. 845, 55 S.W.2d 442. After his indemnification the employer would hold the surplus as trustee of an express trust for the dependents. Schumacher v. Leslie, 360 Mo. 1238, 232 S.W.2d 913. The right of the employer to the indemnity thus provided by § 287.150, however, is not unlimited or unconditional. On the contrary the subrogation therein provided for is specifically limited by the very words of the section to whatever right the dependents may have against the negligent third person. In Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1, loc. cit. 4, the Supreme Court clearly pointed out that the subrogation section of the Act, (present § 287.150) "did not create in the employer a new cause of action for the wrongful death of the employee, but merely subrogates to the employer the rights, *if any*, which the dependents of the employee have against the third party under the wrongful death statute." (Italics ours.) It is plain that there must be a right in the particular dependent to recover against the negligent third person before any right of subrogation arises. If the particular dependent has no such cause of action there is nothing to which the employer can be subrogated. As stated in Superior Minerals Co. v. Mis-

**2.** § 287.150: "Where a third person is liable to the employee or to the dependents, for the injury or death, the employer shall be subrogated to the right of the employee or to the dependents against such third person, and the recovery by such employer shall not be limited to the amount payable as compensation to such employee or dependents, but such employer may recover any amount which such employee or his dependents would have been entitled to recover. Any recovery

by the employer against such third person, in excess of the compensation paid by the employer, after deducting the expenses of making such recovery shall be paid forthwith to the employee or to the dependents, and shall be treated as an advance payment by the employer, on account of any future installments of compensation."

**3.** §§ 537.080, 537.090, as supplemented by § 537.070.

souri Pac. R. Co., supra, 45 S.W.2d loc. cit. 915:

"Whatever liability the third person might have to the dependents would obviously be under our wrongful death statute, and under it alone; and, if such statute gives rise to no liability in the particular case, then necessarily the dependents could have no cause of action, and the doctrine of subrogation could have no play."

Did the dependent minor children have a cause of action to which the employer could have been subrogated? Clearly they did not. Section 537.080, commonly known as the wrongful death statute, creates only one cause of action, Cummins v. Kansas City Public Service Co., 334 Mo. 672, 66 S.W.2d 920, which accrues and passes in accordance with the statute. Slater v. Kansas City Terminal Ry. Co., Mo.Sup., 271 S.W.2d 581. Section 537.080, by reference to § 537.070, provides a definite order for priority of right to institute a wrongful death action. That cause of action is transmitted by § 537.080 to the surviving wife absolutely, provided she appropriate it and sue within six months after her husband's death. Cummins v. Kansas City Public Service Co., supra. She has the first right to appropriate the action. The rights of the minor children are secondary and substitutional and do not accrue or vest if the wife survives and brings her action in time. In the instant case the surviving wife appropriated the cause of action for wrongful death by instituting an action in her own name within six months after the death of her husband. By this act the sole and exclusive right to recover damages from the negligent third parties vested in her. Her appropriation of the cause of action prevented the accrual or vesting of any right on the part of the minor children against the negligent third parties and effectively barred the minor children from instituting any action under § 537.080 or of recovering any damages thereunder for the losses sustained by them as a result of the death of their father. Any sums recovered in her action would belong exclusively to the surviving wife, who would not be accountable to the minor children for any part of the sum recovered. She could recover only the damages which *she* sustained by reason of the death of her husband. Section 537.090 expressly provides that the damages to be given under § 537.080 are for the necessary injury resulting from the death "to the surviving parties *who may be entitled to sue* * * *." She could not recover the damages sustained by the minor children. By reason of her appropriation of the cause of action the minor children were not dependents "entitled to recover" against the negligent third parties, within the meaning of § 287.150. The rights of the minor children never came into being. No rights ever existed in them to which the employer could claim subrogation. It follows that the only "right of the dependents" to which the employer became subrogated was the right belonging to Esther Daniels. Of the amount recovered in settlement of her wrongful death action, only that sum which represents the liability of the employer to Esther Daniels under the Workmen's Compensation Act ($6,400) may be credited to the employer. The words "compensation paid by the employer" occurring in the last sentence of § 287.150 refer only to compensation paid to those particular dependents who possessed the right and were entitled to recover against the negligent third party.

In Masters v. Southwestern Greyhound Lines, Mo.App., 205 S.W.2d 882, an effort was made by the employer and insurer to charge the amount of a third party recovery by the surviving wife against the amount due the dependent minor children, the surviving wife having remarried. The Springfield Court of Appeals held that the potential rights of the children against the negligent third party arising out of the death of their father were extinguished by the appropriation of the right of action by their mother and that, none of the recovery in the third party action having been paid

to the minor children, the amount of the surviving wife's recovery should not be charged against the payments of compensation due by the employer and insurer to the minor children. In this connection see and compare Prudential Insurance Co. of America v. Laval, 131 N.J.Eq. 23, 23 A.2d 908; Kelly v. Ochiltree Electric Co., 140 Pa.Super. 265, 14 A.2d 351; Zirpola v. T. & E. Casselman, Inc., 237 N.Y. 367, 143 N.E. 222; 142 A.L.R. 186; Liberty Mutual Ins. Co. v. Mueller, 154 Misc. 718, 278 N.Y.S. 140; O'Brien v. New York Water Service Corporation, 258 App.Div. 1014, 16 N.Y.S.2d 990.

The employer and insurer vigorously assert that the passage of the Workmen's Compensation Act modified the wrongful death statute, as a result of which the appropriation by the surviving wife of the wrongful death action by the filing of suit within six months no longer gives her exclusive legal title to the cause of action, in cases in which the Workmen's Compensation Law is applicable. They argue that the employer now has the legal right to the entire cause of action for wrongful death and a beneficial interest therein to the extent of the employer's full compensation liability to any and all claimants. We must reject this contention. In the enactment of the Workmen's Compensation Law the General Assembly, fully cognizant of the wrongful death statute, fixed the extent to which any recovery under the latter statute should be applied in reimbursing or indemnifying the employer for liability imposed upon him under the Workmen's Compensation Law. § 287.150. Laws 1925, p. 375, § 11 (present § 287.150) subrogated the employer "to the right of * * *" the dependents against the negligent third person, to the extent of his interest. The object was to prevent a double recovery by the same person under the wrongful death statute and the Workmen's Compensation Law. The Workmen's Compensation Law did not, however, effect any change in the order of priority of right, as between the dependents of the deceased, to institute or

participate in the proceeds of the action against the negligent third party. Nor did it give the employer the *exclusive* legal right to the entire cause of action, either in the maintenance of the action or as to the proceeds. While, as we have seen above, the employer may maintain the suit the employee (or the dependents) may also sue, independent of § 287.150, Bunner v. Patti, 343 Mo. 274, 121 S.W.2d 153, or the employer and the employee's widow may sue jointly as co-plaintiffs. Anzer v. Humes-Deal Co., 332 Mo. 432, 58 S.W.2d 962. The employer's beneficial interest in the recovery is limited to the extent of the compensation paid or payable to the dependent who had the cause of action against the third person. Only to that extent did § 287.150 change the identity of the persons who were entitled to the fruits of a recovery under the wrongful death statute. As stated in Superior Minerals Co. v. Missouri Pac. R. Co., supra, 45 S.W.2d loc.cit. 915:

"* * * our Compensation Act neither creates a new cause of action for wrongful death apart from, or independent of, that provided by the original death statute, nor does it enlarge upon the identity of the beneficiaries who are designated therein, save only as it contemplates the subrogation of the employer *in those particular instances where the dependents are such as to have a cause of action under the original statute.* Thus the only effect which the enactment of our Compensation Act has had upon the terms of, and the procedure to be followed under, the wrongful death statute, is that it has provided for the employer's right of subrogation *in that limited class of death cases where the employer is liable for compensation, and there is a third party liability which is subject to enforcement under the provisions of the latter statute.*" (Italics ours.)

Accordingly, the judgment of the circuit court should be affirmed and the Commissioner so recommends.

PER CURIAM.

The foregoing opinion of HOUSER, C., is adopted as the opinion of the court.

The judgment of the circuit court is, accordingly, affirmed.

ANDERSON, P. J., MATTHES, J., and ELMO B. HUNTER, Special Judge, concur.