**HACON, INC., a corporation, Plaintiff-Appellant,**

v.

**CHANDEYSSON ELECTRIC COMPANY, a corporation, and Westinghouse Electric Corporation, a corporation, Defendants-Respondents.**

No. 33853.

St. Louis Court of Appeals,
Missouri.

March 23, 1971.

Keefe, Schlafly, Griesedieck & Ferrell, Robert F. Schlafly, Fortis M. Lawder, St. Louis, for plaintiff-appellant.

Evans & Dixon, Ralph C. Kleinschmidt, St. Louis, for defendants-respondents.

WEIER, Commissioner.

On appeal, plaintiff seeks a determination that Section 537.100, RSMo 1969, V.A. M.S.,[1] the statute of limitation applicable to wrongful death actions,[2] does not apply to the suit of an employer against a third party for the amount the employer has paid to or on behalf of the widow on account of the death of its employee, as required by The Missouri Workmen's Compensation Act. It is our decision that Section 537.-100 does apply and since no action was brought within one year after death of the employee, the action of the trial court dismissing plaintiff's cause of action, commenced more than one year after date of death, must be sustained.

Marion Wilson Roberson, the employee, received injury in an electrical fire and explosion on July 5, 1962, which resulted in his death on July 19, 1962. The fire and explosion were allegedly occasioned by the malfunction of a defective motor-generator set, designed and manufactured by defendant Chandeysson Electric Company, which was started and stopped by a motor-starter unit manufactured by defendant Westinghouse Electric Corporation. The motor-starter unit contained current-limiting fuses, also designed and manufactured by Westinghouse, whose purpose was to interrupt the flow of electric current when the amount thereof equalled or exceeded the capacity of the fuses. Plaintiff-employer filed its amended petition in two counts. Count I alleged negligence of the defendants in designing and manufacturing the defective motor-generator set, including the motor-starter and fuses, and in failing to

---

1. Section numbers hereafter used refer to statutes appearing in RSMo 1969, V.A. M.S.

2. At the times here applicable, the statute required that action be commenced within one year. It is now two years. Laws 1967, p. 663, Sec. 1.

adequately inspect, test and warn of the dangers therein. Count II alleged a breach of duty in selling and furnishing a defective product for plaintiff's use. The element of damage was limited to the sum of $11,479.14, which the plaintiff was required by The Missouri Workmen's Compensation Act to pay to Mr. Roberson's widow as a result of his death. Defendant's answer affirmatively pleaded Section 537.100 as the effective statute of limitation here applicable.

By stipulation of the parties it was agreed that the facts pleaded would be admitted as true for this submission and that plaintiff was entitled to the amount of the money damages on either theory of liability pleaded, unless the one-year statute of limitation in a wrongful death case, then in effect, was applicable.

The trial court made certain findings of fact and conclusions of law. Plaintiff did not quarrel with the findings of fact which followed the pleadings and stipulation of facts, but it differed with the court on its conclusion of law that plaintiff had brought this action as the subrogee of the widow and, since it stands in her shoes, it is barred by the statute of limitation. When the court rendered judgment in favor of defendants, plaintiff appealed.

Mr. Roberson, the employee, died July 19, 1962. The petition instituting this cause of action was filed August 8, 1963. Obviously, if the one-year statute applied, then it barred the successful prosecution of this suit. However, if the cause of action was not based on the rights of subrogation but rather was an independent action which plaintiff-employer was entitled to bring and recover for negligence or under the rule of strict liability in tort, directly against the third parties responsible, it would have been governed by the five-year statute of limitation, Section 516.120, and hence would have been filed within time.

Plaintiff-employer contends that it was not limited in its right to recover damages solely as subrogee of the widow under Section 287.150 of The Missouri Workmen's Compensation Act, but that it also had a right to bring a separate independent action to recover its direct and separate consequential damages resulting from the breach by defendants of their duty to exercise reasonable care to plaintiff-employer (Count I) and by furnishing a defective product to it (Count II).

In support of this theory, plaintiff-employer argues that the subrogation provision of The Missouri Workmen's Compensation Act is not exclusive or in lieu of its right to bring this independent action. It maintains that no provision of the law prohibits the bringing of such an action and since the one-year period had expired without the filing of an action by the widow, minor children or others mentioned in Section 537.080, there was no question of possible duplicate recovery and it was therefore free to pursue its own legal right to satisfy its loss.

Defendants, on the other hand, contend that in Missouri the employer's sole and exclusive right to indemnification against a third party on account of the death of an employee is limited to subrogation of the rights of the widow, minor children or others entitled to damages under Section 537.080, and hence was bound by the one-year statute of limitation applicable to such actions at the time Mr. Roberson died.

We are bound by the basic premise that there is no common law right of action for wrongful death in Missouri. Statutory enactment encompasses this field and precludes any right other than that contained in the statutes to recover for wrongful death. Glick v. Ballentine Produce Incorporated, Mo., 396 S.W.2d 609, 613. Such a cause of action or right to maintain the action is a single right and vests in certain specific beneficiaries. Without statutory permission, a cause of action for death by wrongful act is not assignable. Forsthove v. Hardware Dealers Mutual Fire Insurance Co., Mo.App., 416 S.W.2d 208, 218 [3–5]. And so, in that case, a subrogation claim by an insurance carrier who had paid

funeral expenses under its policy to a surviving spouse who had successfully collected damages for wrongful death was denied. Likewise, an alternate claim for restitution was denied.

With statutory permission, however, parties other than those described in the wrongful death statute may become entitled to share in the recovery for wrongful death. Thus, in enacting The Workmen's Compensation Act the legislature fixed the extent to which any recovery under the wrongful death statute should be applied to reimburse or indemnify the employer for liability imposed upon him or it under The Workmen's Compensation Act. Section 287.150 subrogates the employer to "the right of * * * the dependents against such third person." The recovery is not limited to the amount payable as compensation but includes such amount as the dependents would have been entitled to recover. Excess of the recovery over the amount of compensation paid, after deducting expenses, is required to be paid to the dependents. There is no change in the priority of right to institute or participate in the proceeds of the action against the third party. Neither is the employer given the exclusive right to the cause of action, in its maintenance or in its proceeds. For the dependents may sue independently of Section 287.150, or the employer and the dependents may sue singly or jointly under the section to recover all damages allowed by the death statute. In any event, the employer's beneficial interest is limited to the compensation paid, or payable, to the dependent who had the cause of action against the third person. Daniels v. Kroeger, Mo. App., 294 S.W.2d 562, 568; Superior Minerals Co. v. Missouri Pacific R. Co., 227 Mo.App. 1044, 45 S.W.2d 912, 915, certiorari quashed, State ex rel. and to Use of Missouri Pacific R. Co. v. Haid, 332 Mo. 616, 59 S.W.2d 690. As pointed out in Goldschmidt v. Pevely Dairy Co., 341 Mo. 982, 111 S.W.2d 1, 4, Section 287.150 "did not create in the employer a new cause of action for the wrongful death of the employee, but merely subrogates to the employer the rights, if any, which the dependents of the employee have against the third party under the wrongful death statute." Clearly, this language requires there must be a right in the dependent to recover against the third party before any right of subrogation arises. If there is no cause of action in the dependent, then there is no right of subrogation, or "indemnity", as it has been described in O'Hanlon Reports Inc. v. Needles, Mo.App., 360 S.W.2d 382, 386.

Plaintiff in the instant case attempts to distinguish the case of Goldschmidt v. Pevely Dairy Co., supra, from its position before us by pointing out that in that case the employer was suing as a subrogee of the widow and minor dependents. The employer there joined the widow in the action which she started. He did not claim to have an independent action as in the case before us. But, as we have previously stated, under Missouri law the employer has no separate cause of action for the death of his employee, even though there may be a separate duty running directly to him by way of breach of warranty or by reason of tort liability.

Plaintiff-employer here does not have a separate cause of action for compensation paid to the dependents of a deceased employee against a third person liable for the employee's death. Since plaintiff-employer is limited to a subrogation of the rights of the employee's dependents, the same statute of limitation which applies to a claim of the dependents applies to the employer. Goldschmidt v. Pevely Dairy Co., supra, 341 Mo. 982, 111 S.W.2d 1, l. c. 4 [9].

Other authorities cited by plaintiff do not seem pertinent since, although they may sustain plaintiff's theory as to a separate action on behalf of employer, they arise in other jurisdictions and treat of statutory enactments in those jurisdictions that are not applicable here.

Judgment is affirmed.

**160**

PER CURIAM:

The foregoing opinion by WEIER, C., is adopted as the opinion of this Court. Accordingly, judgment is affirmed.

DOWD and WOLFE, JJ., concur.