Before State Industrial Board, Respondent.

William O'Brien, Respondent, *v.* Knickerbocker Ice Company, Appellant.

Third Department, July 1, 1925.

Workmen's compensation — deficiency compensation following action against third person under Workmen's Compensation Law, § 29 — claimant cannot, under said section, claim deficiency compensation, where action against third person is compromised and settled without consent of employer who is self-insurer — stipulation of settlement and order of discontinuance of action violate Workmen's Compensation Law, § 33 — notwithstanding invalidity of order of discontinuance deficiency compensation cannot be awarded until stipulation of settlement and order of discontinuance are set aside and valid compromise made or judgment rendered after trial.

A claimant who elects to sue a third person and to make claim to compensation for any deficiency under the authority of section 29 of the Workmen's Compensation Law, is not entitled to an award for deficiency, where it appears that the action against the third person was compromised and settled and an order of discontinuance entered without the consent of the employer who was a self-insurer, for it is specifically provided that a compromise shall not be valid unless it is made with the consent of the employer and self-insurer.

The stipulation of settlement and the order of discontinuance indirectly accomplished the defeat of section 33 of the Workmen's Compensation Law which provides that compensation or benefits due under the law shall not be assigned, released or commuted except as provided by the law.

Notwithstanding the apparent invalidity of the stipulation of settlement and order of discontinuance, the order still stands as an effective bar to the award of deficiency compensation because the claim filed was one for deficiency and no proper foundation was laid for that award.

No award for deficiency compensation can be made until the stipulation of settlement and the order of discontinuance have been set aside and a valid compromise and settlement made or a judgment rendered after trial.

Appeal by the Knickerbocker Ice Company from an award of the State Industrial Board, made on the 13th day of January, 1925.

*Frank R. Savidge* [*Theodore J. Miller* and *George W. Van Slyck* of counsel], for the appellant.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

Hinman, J.:

An award was made to claimant for fifty per cent loss of use of his left arm. He was a helper on an ice wagon. The wagon on which he was riding was struck in the rear by a motor truck, causing him to be thrown to the street. He filed a notice of election to sue the third party and to make claim to compensation for any deficiency between the amount recovered in such action and the compensation to which he might be entitled under the Workmen's Compensation Law. Section 29 of that law* provides that if an injured employee elects to proceed against a third party, the State Insurance Fund, person, association, corporation or insurance carrier, as the case may be, " shall contribute only the deficiency, if any, between the amount of the recovery against such other person actually collected, and the compensation provided or estimated by this chapter for such case."

The accident happened on the 17th of April, 1920. The third party action was started by claimant but was not prosecuted to judgment. After a delay of four years from the time of the accident, and on April 29 or 30, 1924, the action was compromised and settled by the payment of $300 to claimant. Upon stipulation an order of discontinuance was entered in the action. This was done without notice to or consent of either the State Industrial Board or the employer, which was a self-insurer. The claimant then undertook to recover compensation for the deficiency, the present award being the result. The contention of the appellant is that the Statute of Limitations has now run against the employer's action in subrogation under the three-year Statute of Limitations (Civ. Prac. Act, § 49; re-enacting Code Civ. Proc. §§ 380, 383), and that the claimant's failure to obtain the employer's consent to the settlement of the third party action should constitute a waiver of his right to claim compensation.

Section 29 of the Workmen's Compensation Law is entitled " Subrogation to remedies of employees," and there is provided

---

* See Workmen's Compensation Law of 1914 (as amd. by Laws of 1917, chap. 705), which is now section 29 of the Workmen's Compensation Law of 1922 (as since amd. by Laws of 1924, chap. 499).— [Rep.

in the section an automatic assignment of the employee's cause of action against a third party to the person or corporation liable for compensation in a case where the employee elects to take compensation. If, however, he elects to sue the third party and to recover only the deficiency as compensation, the law does not provide an action in subrogation for the benefit of the person or corporation liable to pay the compensation, but provides as follows: " A compromise of any such cause of action by the employee or his dependents at an amount less than the compensation provided for by this chapter shall be made only with the written approval of the Commission [Commissioner], if the deficiency of compensation would be payable from the State Insurance Fund, and otherwise with the written approval of the person, association, corporation, or insurance carrier liable to pay the same." No such approval was obtained in this case and the compromise was invalid and ineffectual as a foundation for an award for deficiency compensation. The deficiency must be based upon " the amount·of the recovery against such other person actually collected " (Workmen's Compensation Law, § 29), but the " recovery " in the case of a compromise of the cause of action must be a sum approved in writing by the insurer or other person liable for the deficiency compensation. When a third party settles such a cause of action without such written approval he does so with full knowledge of this statutory requirement. The same is true of the claimant. The stipulation which was signed by the claimant and the defendant in the third party action as the basis of the compromise, together with the order of discontinuance of the action, based thereon, indirectly accomplish the defeat of that provision of section 33 of the Workmen's Compensation Law* which provides that " compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter." Notwithstanding the apparent invalidity of the order of discontinuance it still stands as an effective bar to this award because the claim filed was one for deficiency and no proper foundation was laid for the making of such an award. Unless and until that order of discontinuance has been set aside upon proper application therefor in the action and the action is prosecuted to judgment or a valid compromise is made thereof with the written approval of the appellant herein, we think the claimant fails to bring his claim within the statutory condition precedent to a deficiency compensation award. This case differs from that of *Matter of*

---

* See Workmen's Compensation Law of 1914, § 33 (as amd. by Laws of 1919, chap. 498); re-enacted by section 33 of the Workmen's Compensation Law of 1922.— [Rep.

*Woodward* v. *Conklin & Son, Inc.* (171 App. Div. 736). In that case the claimant did not file and serve a notice of election to sue the third party and to claim for deficiency compensation but filed a claim for full compensation after having executed a release of the third party. We held that his execution of the release did not constitute an election. We held in effect that his real election was to take compensation and that the release did not constitute an obstacle in the way of the insurer prosecuting the cause of action against the third party which the statute expressly assigned to the insurer in such a case. No such assigned cause of action is provided for in the case of the election of the claimant to sue first and to collect a deficiency award afterwards. The appellant is not prejudiced in this case on the ground of the bar of the Statute of Limitations against any action in subrogation. Its rights are being sacrificed by this award because the award of compensation appealed from does not operate as an assignment to it of the cause of action against the third party and it has no remedy except to insist that the deficiency shall be determined in the claimant's action in the manner contemplated by section 29 of the Workmen's Compensation Law as a prerequisite to an award against it.

The award should be reversed and the claim remitted to the State Industrial Board, with costs against said Board to abide the event, with instructions that no award can be made unless and until the deficiency recoverable by award has been properly fixed in accordance with the views expressed in this opinion.

All concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.