WILLIAM O'BRIEN, Plaintiff, *v.* JAMES LODI, Defendant.

Supreme Court, New York County, April 20, 1926.

Workmen's compensation — election to sue third party — order of discontinuance, made in action against third party, vacated, where defendant failed to obtain written consent to settlement from plaintiff's employer.

In an action brought by an injured employee, whose employer was a self-insurer under the Workmen's Compensation Law, against a third party for negligence, in which a settlement is effected between said third party and the injured person without the written consent of the self-insurer, and a stipulation is thereafter signed between said parties and an order of discontinuance procured thereon, said order of discontinuance may be set aside on the return to the defendant of the money paid by him on the settlement since, by reason of the failure of the third party to obtain the written approval of the self-insurer, said stipulation and order indirectly defeats the provision of section 33 of the Workmen's Compensation Law which prohibits the assignment, release or commutation of benefits except as provided by said statute.

MOTION to vacate order of discontinuance.

*Thomas F. Gleason,* for the plaintiff.

*Samuel E. Oppenheim,* for the defendant.

GLENNON, J. This is a motion to vacate an order discontinuing the above-entitled action so that the parties may be placed in the position they were in prior to the entry of the order of discontinuance on April 30, 1924. The action was based upon the alleged negligence of the defendant. A settlement was entered into whereby defendant paid to the plaintiff the sum of $300 and in return received a general release. Prior to the time the settlement was entered into plaintiff had notified the State Industrial Board that he, an injured employee, elected to sue a third party and hold his employer, Knickerbocker Ice Company, for a deficiency. Plaintiff prosecuted his claim before the Industrial Board and an award was made to him for fifty per cent loss of the use of his left arm. An appeal was taken by the employer, Knickerbocker Ice Company, to the Appellate Division, Third Department, and the award was unanimously reversed upon the opinion of Mr. Justice HINMAN (*O'Brien* v. *Knickerbocker Ice Co.,* 213 App. Div. 464).

Surrogate's Court, Albany County, September, 1926.          [Vol. 128

The difficulty that defendant now finds himself in is brought about by the fact that the compromise agreement was not approved in writing by " the insurer or other person liable for the deficiency compensation. When a third party [the defendant James Lodi] settles such a cause of action without such written approval he does so with full knowledge of this statutory requirement. \* \* \* The stipulation which was signed by the claimant and the defendant in the third party action as the basis of the compromise, together with the order of discontinuance of the action, based thereon, indirectly accomplish the defeat of that provision of section 33 of the Workmen's Compensation Law which provides that ' compensation or benefits due under this chapter shall not be assigned, released or commuted except as provided by this chapter.' " (*O'Brien* v. *Knickerbocker Ice Co.*, *supra*, 466.) Of course it will be necessary, as a condition precedent to the granting of this motion, that the plaintiff return to defendant the sum of money which he received in the settlement.

The order to be entered hereon should contain a provision that the case be restored to the trial calendar for the June term of this court, in order that the defendant may have an opportunity to locate his witnesses and prepare his case for trial.