In the Matter of the Claim of JOSEPH PETRONE and Another, Respondents, against UNITED STATES TRUCKING CORPORATION, Appellant.

STATE INDUSTRIAL BOARD, Respondent.

Third Department, November 16, 1932.

*Paul Koch,* for the appellant.

*John J. Bennett, Jr., Attorney-General* [*Joseph A. McLaughlin, Assistant Attorney-General,* and *Isaac Frank* of counsel], for the respondents.

VAN KIRK, P. J. The claim is for death benefits. Claimants are the brother and sister of the deceased, each a minor and a dependent at the time of his death. Deceased died of his injuries on June 14, 1928, the day they were sustained. His administrator elected to sue a third party. An action was brought and was thereafter settled without the consent of the employer, a self-insurer,

for $750. One having an interest in the sum for which settlement is made without the consent of the employer may not have compensation. (Workmen's Comp. Law, § 29, as amd. by Laws of 1924, chap. 499; *O'Brien* v. *Knickerbocker Ice Co.*, 213 App. Div. 464.)

The contention of the appellant is that the claimants, brother and sister of the deceased, had an interest in the sum received in settlement and, therefore, may not have compensation. We think this position is untenable. The third party action to recover for injuries resulting in death is brought by an administrator for the benefit of next of kin as defined by the Decedent Estate Law and is not for the benefit of dependents, unless they be also next of kin. (*Matter of Zirpola* v. *Casselman, Inc.*, 237 N. Y. 367, 370.) " Dependents who are not next of kin, and who are, therefore, without beneficial interest in the cause of action against the wrong-doer, are not put to an election, since they have nothing to elect or to assign, and so may prove under the act, unhampered by the choice of others." (Id. 375.) " The act " referred to is the Workmen's Compensation Law. The deceased died intestate, leaving his father and mother, brother and sister, but no widow, child or descendant. The third party action brought by the administrator to recover damages for the wrongful act, neglect or default by which the decedent's death was caused is authorized by section 130 of the Decedent Estate Law (as added by Laws of 1920, chap. 919) and is brought for the benefit of the surviving husband, wife or next of kin. Section 134 of that law (as added by Laws of 1920, chap. 919) is as follows: " Next of kin defined. The term ' next of kin,' as used in the last three sections of this article, includes all those entitled under the provisions of law relating to the distribution of personal property, to share in the unbequeathed assets of a decedent, after payment of debts and expenses, other than a surviving husband or wife, except if decedent leaves surviving a father and mother but no widow, child or descendant, it shall mean both the father and the mother." So that in this case the father and mother are the only persons who have a beneficial interest in the cause of action against a third party. This also appears from the provisions of the Statute of Descent and Distribution as contained in the Decedent Estate Law. Subdivision 7-a of section 98 of the Decedent Estate Law (as added by Laws of 1921, chap. 126), effective when deceased died, which has been substantially revised and re-enacted by subdivision 2 of section 83 (as amd. by Laws of 1929, chap. 229), provides that the surplus of the personal property of a deceased person shall be distributed to the surviving spouse, children or next of kin, or other persons, in the manner

following: " 7-a. If the deceased leave a father and mother and no child or descendant the father and mother shall each take one-quarter if there be a widow, and each one-half if there be no widow." In the instant case there is no widow and the father and mother each take one-half of the proceeds of the action. These two claimants, therefore, have no interest in the proceeds of the action. (*Cahill* v. *Terry & Tench Co.*, 173 App. Div. 418; *Matter of Zirpola* v. *Casselman, Inc., supra.*)

No other question is presented.

The award should be affirmed, with costs to the State Industrial Board.

HINMAN, HILL, RHODES and CRAPSER, JJ., concur.

Award affirmed, with costs to the State Industrial Board.