In the Matter of the Claim of BERTHA G. KUSHNER, Respondent, against KINGSTON KNITTING MILLS, INC., et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 9, 1956.

*John E. Knauf* for appellants.

*Jacob K. Javits, Attorney-General* (*Carl Madonick* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

ZELLER, J. Claimant was employed as a floor girl and trimmer and while at work in her employer's factory, went to answer a telephone. On the way, a plank, which was being used by an independent contractor who was making repairs to the factory, came loose and fell, struck a water tank and then hit claimant on the side of her head. After being hit, claimant lunged and lurched forward and then lapsed into unconsciousness. Claimant was hospitalized for about 10 days following this industrial accident and has not since worked.

A month after the accident, claimant retained counsel who, on her and her husband's behalf, commenced an action against the independent contractor for damages arising out of the accident. In this third-party action, claimant and her husband recovered judgment. In the proceeding before the Workmen's Compensation Board, claimant was awarded compensation and a determination was made with respect to the amount to be credited to the employer and insurance carrier from claimant's third-party recovery against the amount of compensation awarded and against prospective medical expenses. (Workmen's Compensation Law, § 29.) By its decision, the board held that the recovery in the third-party action was not the result of a compromise and, in addition, determined that the employer and its insurance carrier were not entitled to credit against the recovery had by claimant's husband.

Appellants strongly argue that the third-party recovery was not pursuant to a judgment, within the meaning of section 29 of the Workmen's Compensation Law, but was, in effect, a compromise of claimant's cause of action against a third-party, accomplished without the consent of appellants and that, therefore, claimant is not entitled to any award of compensation.

The minutes of the third-party action reveal that the parties thereto waived a jury trial in Supreme Court and proceeded before the Trial Justice sitting without a jury. Plaintiff wife, claimant herein, testified as to her employment, the happening of the accident, the extent of her injuries, the medical treatment received, her earnings at the time of the accident, the length of time lost from work, and her work activity following the accident. Plaintiff wife was then cross-examined by defendant's attorney concerning her awareness of the work being carried on by defendant in the employer's factory, the happening of the accident and the continuation of her medical treatment. Following cross-examination, it was stipulated that defendant was doing the work at the employer's plant which plaintiff alleged was negligently performed. At the conclusion of the evidence, the Trial Justice found that at the time of the accident plaintiff wife was free from any negligence causing the accident and that the sole cause of her injuries was the negligence of the defendant. He found that her injuries, pain and suffering plus her medical expenses entitled her to a verdict of $3,250 and that plaintiff husband was entitled to a verdict of $500 for loss of his wife's services. Formal findings of fact and conclusions of law were presented to the Trial Justice and signed by him. Judgment thereon was accordingly entered.

Appellants attack this judicial process on several grounds. They state that the insurance carrier was approached concerning a settlement but refused its consent; that claimant's attorney knew the limits of insurance coverage in the third-party action to be $5,000; and that the record of the trial reveals that it was not a legitimate contest between opposing parties. Appellants also assert that the failure of the plaintiffs to tax a bill of costs in the third-party action is an indication that the action was compromised.

These factors are evidence which must be considered with the presumption of regularity which attaches to a trial, followed by a formal decision of the trial justice and a judgment. The board has found that recovery was not the result of a compromise and there is substantial evidence to support it. Or, to express it in words used previously by us, " We cannot say, as a matter of law, upon the record before us, that this result did not represent the trial court's considered judgment and evaluation, based on the evidence, which appears to have been adequate to enable him to reach a fair determination ". (*Matter of Sadowski* v. *J. W. Danforth Co.*, 2 A D 2d 728.)

Appellants urge that in the event we hold, as we do, that there was a valid judgment, within the meaning of section 29

of the Workmen's Compensation Law, that appellants should be entitled to a credit against claimant's medical expenses to the extent of the net recovery received by claimant's husband as the result of the third-party action. Appellants assume that claimant's husband's recovery included medical expenses incurred on behalf of his wife. However, the fact is otherwise. The formal findings signed by the Trial Justice state that the award to plaintiff wife was for medical expenses incurred, as well as for her personal injuries, and further state that plaintiff husband was awarded money only " for loss of his wife's services ". There is nothing in section 29 which allows credit for a money judgment for loss of services. We do not reach the problem of credit allowance where a husband's recovery in a third-party action is for the medical expenses of his wife.

Appellant's last contention is that there is no substantial evidence to sustain the finding of the board that claimant's back condition is related to the accident. Prior to the accident, claimant had experienced no difficulty with her back. Immediately following her first hospitalization she began complaining of pain in her back and legs. Upon being referred to a specialist, it was revealed that she had a ruptured intervertebral disc. In one report the specialist stated that claimant may have ruptured the disc at the time of the accident. In another report he writes that he could not understand how a blow on the head would result in an injury to a disc. A doctor testified that, if claimant did not fall to the floor when struck by the plank, it was his opinion that the ruptured disc was not caused by the industrial accident. A report from a hospital, where claimant was treated several months after the accident, states that she may have sustained a ruptured disc at the time of the accident. Thus, there appears a conflict and some uncertainty in the medical evidence concerning causal relationship of the back injury. Considering her previous history of no back trouble, the manner in which she was injured and the favorable portions of the medical evidence, there appears to us to be substantial evidence to sustain the finding of the board.

The decision and award of the Workmen's Compensation Board should be affirmed, with costs.

FOSTER, P. J., BERGAN, HALPERN and GIBSON, JJ., concur.

Decision and award unanimously affirmed, with costs to the respondent, Workmen's Compensation Board.