**Ora Lee BELL, Appellant,**

v.

**Stephen O'HEARNE, Deputy Commissioner, Department of Labor, Bureau of Employees Compensation, Fifth Compensation District, Appellee.**

**No. 8131.**

United States Court of Appeals Fourth Circuit.

Argued Oct. 4, 1960.

Decided Nov. 7, 1960.

Henry E. Howell, Jr., Norfolk, Va. (Howell, Anninos & Daugherty, Norfolk, Va., on brief), for appellant.

Alfred H. Myers, Atty., U. S. Department of Labor, Washington, D. C. (Joseph S. Bambacus, U. S. Atty., Richmond, Va., Harold C. Nystrom, Acting Sol. of Labor, and Herbert P. Miller, Asst. Sol. of Labor, U. S. Department of Labor, Washington, D. C., on brief), for appellee.

Before SOBELOFF, Chief Judge, and HAYNSWORTH and BOREMAN, Circuit Judges.

SOBELOFF, Chief Judge.

Decision is required in this case as to the legal effect of the acceptance of less than the face amount, as full payment, of a judgment for damages recovered by beneficiaries of a longshoreman whose death was caused by a third party tort-feasor. The position of the deputy commissioner passing on the claim of the beneficiaries under the Longshoremen's and Harbor Workers' Compensation Act was that they thereby disentitled themselves to the benefits of the Act. The surviving beneficiary maintains that she is entitled to the law's benefits for the excess over the face amount of the judgment.

Jarvis Bell, the longshoreman, died by drowning when he jumped from the vessel of his employer to escape from an impending collision with another vessel. The circumstances bring the case within the scope of the Longshoremen's and Harbor Workers' Compensation Act, Title 33, U.S.C.A. § 901 et seq. His parents, Ora Lee Bell and James C. Bell, in a third party wrongful death action, which was properly brought under the law as it then was,[1] recovered judgment in the amount of $6,500.00. The third party defendant noted an appeal; but before it was heard, plaintiffs, without obtaining written approval of the employer of the deceased, accepted $5,000.00 in satisfaction of the judgment. As the judgment of the court was for less than the compensation to which plaintiffs were entitled under the Act, they sought deficiency compensation, crediting the employer with $6,500.00, the entire amount of the judgment, not merely the $5,000.-00. The deputy commissioner having jurisdiction of the matter denied the claim for additional benefits in its entirety, grounding his action on section 933(g) of Title 33, U.S.C.A., which reads as follows:

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision

---

1. An election to sue a third party was required by § 933 of Title 33 U.S.C.A. at the time this suit was filed. Section 933 has been amended by the Act of August 18, 1959, 73 Stat. 391, to obviate the necessity for such an election.

(e) [2] of this section only if such compromise is made with his written approval."

Bell's father having died in the meantime, the mother, as surviving beneficiary, brought suit as permitted in section 921(b) to enjoin the order of the deputy commissioner. The United States District Court for the Eastern District of Virginia, which heard the case, granted the deputy commissioner's motion for summary judgment. Bell v. O'Hearne, D.C.E.D.Va.1960, 179 F.Supp. 764.

The beneficiary appeals, contending that the acceptance of $5,000.00 after judgment does not constitute a compromise within the contemplation of Title 33, U.S.C.A., section 933(g) so as to bar her from additional benefits due under section 933(f).

The mother seeks to recover only the difference between the compensation provided for under the Act and the $6,500.00 awarded against the third party defendant, and she offers to absorb the $1,500.00 conceded by her in the collection of the judgment. It is not disputed that in the absence of any settlement of the judgment the measure of her compensation would be the same, namely the scheduled benefits under the Act, less the sum of $6,500.00 fixed in the judgment against the third party tort-feasor.

We have been referred to no federal case with analogous facts, and we have found none. In Chapman v. Hoage, 1936, 296 U.S. 526, 56 S.Ct. 333, 80 L.Ed. 370. The question addressed to the Supreme Court was whether an employer and his insurance carrier were released from their obligation to an injured employee under the Longshoremen's and Harbor Workers' Compensation Act by the employee's voluntary discontinuance of his third party action after the running of the statute of limitations. The Court held that the question was one to be determined by the general principles of suretyship. Under the facts of the case,[3] it was held that the insurance carrier was not released from its obligation to the injured employee, as it was not shown that he was prejudiced by the discontinuance of the third party action. Careful consideration of Chapman convinces us that the case is no precedent for holding deficiency compensation to be barred by the acceptance of a reduced sum in satisfaction of a final judgment. To the contrary, as we shall point out later, the opinion gives indication that the claimant is entitled to such compensation. In Marlin v. Cardillo, 1938, 68 App. D.C. 112, 95 F.2d 112, the Court of Appeals for the District of Columbia Circuit held that a settlement between a claimant and a third party, entered into without the consent and agreement of the employer or insurance carrier, followed by an entry of judgment in the agreed amount, barred the claimant from recovering any deficiency benefits under the Act. The Marlin case is, likewise, distinguishable from the instant case, for there settlement of the plaintiff's claim was reached before the court had established the amount of the third party's liability and reduced it to judgment.

We have searched the committee reports of both Houses of Congress, House and Senate hearings, and the Congressional Record for enlightening legislative history of the Act, but without fruitful result. However, resort to New York decisions construing that state's compensation act, after which the Federal Act is modelled,[4] furnishes an insight into the meaning of the term "compromise." In O'Brien v. Knickerbocker Ice Co., 1925, 213 App.Div. 464, 211 N.Y.S. 16, 18, the court disallowed deficiency compensation where an injured employee had

---

2. (e) has been determined to be a clerical error and should read (f) Jarka Corporation v. Monahan, 1 Cir., 1932, 62 F.2d 588; Marlin v. Cardillo, 1938, 68 App. D.C. 112, 95 F.2d 112. This correction was made in the Act of August 18, 1959, 73 Stat. 391.

3. Chapman v. Hoage, 296 U.S. at page 532, 56 S.Ct. 333.

4. Branham v. Terminal Shipping Co., 4 Cir., 1943, 136 F.2d 655; Bethlehem Steel Co. v. Parker, D.C.Md.1947, 72 F. Supp. 35; H.R.Rep. No. 1190, 69th Cong., 1st Sess. 2 (1926).

elected to sue a third party and failed to prosecute his claim to judgment, but, instead, accepted $300.00 and stipulated to an order of discontinuance. In the opinion it was said that "unless * * * the action is prosecuted to judgment, or a valid compromise is made thereof with the written approval of the [employer or insurance carrier], we think the claimant fails to bring his claim within the statutory condition precedent to a deficiency compensation award."

The decision in O'Brien and more recent New York decisions. Klump v. Erie County Highway Department, 1949, 275 App.Div. 1017, 91 N.Y.S.2d 689 and Kushner v. Kingston Knitting Mills, 1956, 2 A.D.2d 394, 156 N.Y.S.2d 474, demonstrate that when in the third party action there is a judicial evaluation of the damages and judgment is not the result of a settlement or compromise the condition precedent to a third party-plaintiff's right to deficiency compensation is satisfied.

 As we construe the statute, a recovery of deficiency compensation is barred only where the injured employee, or his beneficiaries in case of death, have compromised the third party *claim*, or where judgment in the third party action has been entered as the result of settlement or compromise. In such instances the Act prevents recovery by conclusively presuming prejudice to the claimant's employer, without requiring proof of actual prejudice. This is only proper, because when a claimant makes settlement of an unliquidated claim, without the employer's consent, he has undertaken to fix the amount of recovery in the action which would have inured to the employer's benefit. It is the evident purpose of the provision to prevent an employee or his beneficiaries to manage independently the course of pending litigation or to affect prospective litigation that is designed for the use of the employer as well as the employee or his dependents. Where, however, there has been a judicial determination of the damages, there is no possibility whatever of prejudice to the employer from the judgment creditor's subsequent consent to a diminution in payment. The employer has no interest in it. The reduction is at the plaintiff's sole expense and does not lessen the employer's right of set-off, and the employer and his insurance carrier are not otherwise affected. This situation does not fall within the purpose of section 933(g).

The view we now express is consistent with the Supreme Court's pronouncement in Chapman that "Section 33(a) [Codified as Section 933] only provides for release of the employer's liability for compensation where the *claim* against the third party is compromised without the employer's consent. In other respects, his rights and liabilities, so far as he is in the position of a surety or indemnitor, are governed, as the court below held, by the general principles of suretyship." [296 U.S. at pages 528–529, 56 S.Ct. at page 334] (Emphasis supplied).

In the instant case, insistence by the plaintiff on collecting the full $6,500.00 and refusal to concede $1,500.00 of her own money would have resulted in the continued prosecution of the appeal by the third party tort-feasor; but this could not possibly have benefited the employer or his insurance carrier. Rather, when the plaintiff consented to yield $1,500.00 of the judgment recovered, her act avoided the possibility of prejudice to the employer's rights in the case on appeal. If the defendant's appeal had been prosecuted to final decision it would have ended either in affirmance, making no alteration in the employer's liability, or in reversal on the ground of no liability. In the latter contingency the employer's right to a credit against the compensation award would have been defeated altogether. The third party defendant's appeal did not, of course, seek increase of the award against him, and the plaintiff did not cross-appeal or claim that the damages awarded were inadequate; the issue on appeal was not the amount of the recovery, but the right to recover.

In these circumstances, any conceivable possibility that the case might have re-

sulted in a remand for a new trial in which greater damages could have been assessed against the third party tortfeasor is too remote and fanciful to merit consideration.

We are not persuaded to adopt the reading of the statute proposed by the deputy commissioner. It is unnecessarily harsh, and is not within the requirement of the Act's language, or its spirit and purpose. There was no compromise here of any interest with which the employer was in any way concerned, or to which the provision in section 933 (g) was directed. By yielding $1,500.00 of the judgment, the present plaintiff did nothing to prejudice and thereby release the employer and its carrier, just as the plaintiff in Chapman was held not to have released the employer and carrier by discontinuing an action which held out no real hope of benefit to them. In the absence of language plainly demanding it, a construction is not to be favored which visits a forfeiture on the employee or his dependent and gives a windfall to the insurance carrier. "This Act must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results." Voris v. Eikel, 1953, 346 U.S. 328, 333, 74 S.Ct. 88, 92, 98 L.Ed. 5.

We hold that the fact that after obtaining judgment claimant chose to discount it, whether because of pressing financial need or in consideration of the vicissitudes of further litigation, does not bar recovery of the difference between the compensation provided for under the Act and $6,500.00, the amount of the judgment in this case.[5]

The order of the District Court is reversed and the case is remanded with instructions to issue the injunction prayed for.

Reversed and remanded.

---

5. Whether, the equitable principle imbedded in section 933(e) of 33 U.S.C.A., which provides that reasonable counsel fees and costs incurred by an employer in the recovery of a judgment may be retained by him, applies also to actions prosecuted by the employee or his beneficiaries, is a point we need not decide, as this detail is not in issue on this appeal. See, however, Voris v. Gulf-Tide Stevedores, 5 Cir., 1954, 211 F.2d 549.