**LAVINO SHIPPING COMPANY, Plaintiff,**

v.

**P. J. DONOVAN, Deputy Commissioner, Bureau of Employees' Compensation, Defendant,**

and

**Anna T. Lou Smith, Intervenor.**

**Civ. A. No. 30189.**

United States District Court
E. D. Pennsylvania.
July 17, 1962.

George D. Sheehan, Philadelphia, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Sullivan Cistone, Asst. U. S. Atty., Philadelphia, Pa., for defendant.

Joseph N. Bongiovanni, Jr., Philadelphia, Pa., for intervenor.

JOHN W. LORD, Jr., District Judge.

The cross motions to dismiss which are before this Court are principally concerned with a compensation order filed by the defendant deputy commissioner on August 9, 1961 pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act of March 4, 1927, 44 Stat. 1424, 33 U.S.C.A. § 901 et seq., hereinafter to be called *The Act.*

While unloading the S.S. Marine Courier on March 29, 1956, George Smith, a longshoreman then employed by the plaintiff Lavino Shipping Company (hereinafter to be referred to as *Lavino*) was struck by a falling grab bucket. Those injuries resulted in his death on the same day. It has been conceded throughout that his fatal injuries were sustained in the course of his employment.

The subsequent controversy has centered about the claims of the present defendant, Anna T. Lou Smith (hereafter

*Anna*) and a rival widow, Nancy Smith (hereafter, *Nancy*).

In Lavino Shipping Company v. Donovan, 166 F.Supp. 909, (E.D.Pa.1958) the defendant deputy commissioner's first award of death benefits to Anna was set aside. Judgment for the employer was granted on the ground that, although George and Anna had been married in 1928, and decedent had left Anna in 1938

> " * * * there is absolutely no evidence to support the finding that she was living apart from him at the time of death for justifiable cause."

Appeal was taken from that decision in Lavino Shipping Company v. Donovan, 267 F.2d 59, 62 (3rd Cir. 1959). The conclusion of the latter opinion reads as follows:

> "In order that the parties may have an opportunity to fully present all the relevant evidence on the issue of reconciliation and the deputy commissioner may have an opportunity to make appropriate findings of fact on this issue, the judgment of the district court will be vacated and the cause remanded to the deputy commissioner for further proceedings."

Pursuant to the quoted order, a further hearing before the Deputy Commissioner took place on December 9, 1960. The record of this 1960 proceeding consists of Notes of Testimony, pages 127 to 215, inclusive, and a total of 9 exhibits. The Notes of Testimony of the prior hearing, September 17, 1957 consist of pages 1 to 126, inclusive of Exhibits. These notes have been read and examined by this Court, in conjunction with the compensation order filed by the defendant deputy commissioner on August 9, 1961. The Court has also had the benefit of seven briefs filed by the several interested parties.

The matters at hand for disposition are:

1. Plaintiff's complaint to review, set aside, and enjoin enforcement of the compensation order of August 9, 1961. The order in question was made by defendant P. J. Donovan, Deputy Commissioner, Bureau of Employees' Compensation (hereinafter to be called simply the *deputy commissioner*), and a copy of that order was attached to the complaint.

2. The defendant deputy commissioner's motion for summary judgment based on a certified copy of the transcript of the deputy commissioner's proceedings of 1960.

3. Plaintiff Lavino's motion for summary judgment on the ground that the deputy commissioner

> " * * * erred as a matter of law in his Findings, Compensation Order and Award filed August 9, 1961 * * * wherein he directed Plaintiff to make payments of benefits under said Act to Anna T. Lou Smith * * *."

The motion of plaintiff Lavino will be denied; the motion of the defendant deputy commissioner, in which Intervenor Anna T. Lou Smith (hereafter to be called simply *Anna*) has joined, will be granted, and the complaint accordingly will be dismissed, for reasons to be explained.

Disposition on Motion for Summary Judgment is deemed appropriate herein, since the questions are solely matters of law. Rule 56, Fed.R.Civ.P., 28 U.S.C.A.

Since the deceased George Smith and the claimant Anna, Intervenor, were living apart at the former's death, the question upon which the cause was remanded to the deputy commissioner concerned a certain subsection of the statutory definition of *widow*, 33 U.S.C.A. § 902(16):

> "(16) The term 'widow' includes only the decedent's wife living with or dependent for support upon him at the time of his death; *or living apart for justifiable cause* or by reason of his desertion at such time." [Emphasis added]

█ The deputy commissioner's 1961 compensation order consisted of four pages, more than half of which comprised findings of fact. Commencing at the bottom of the second page there is a series

of findings: that George Smith deserted Anna in 1938; that Anna thereafter lived apart from George for justifiable cause; that thereafter George contracted a bigamous marriage with the "rival wife", Nancy; and that George's so-called offers of reconciliation with Anna were perforce insincere since they were hedged or qualified by his unvarying refusals to break off his relations with Nancy, the rival wife with whom he was living.

Such facts, supported by evidence, have been held as a matter of law to constitute "living apart for justifiable cause" under the statute. Walsh Stevedoring Co. v. Henderson, 203 F.2d 501, 503 (5th Cir. 1953); Luckenbach Gulf S. S. Co. v. Henderson, 133 F.2d 305 (5th Cir. 1943).

The notes of testimony contain substantial evidence to support those findings (N.T. 141 et seq.).

Although the 1957 evidence had been judicially determined to be inadequate, it takes on a different character when coupled with the testimony in the 1960 record. The prior testimony, which culminated in the 1958 compensation award (N.T. 130) is consistent with the later testimony, and supports the latter. The 1960 testimony, in particular, supports the findings and award. It consists of detailed questioning by the deputy commissioner (N.T. 141–147), which was followed by exhaustive cross-examination (N.T. 148–162). The rival wife, Nancy Smith, was also questioned and cross-examined (N.T. 162–180).

■ Fact finding is the function of the administrative agency and not the courts. On review the courts have only a limited function. Lavino Shipping Company v. Donovan, 267 F.2d 59, 61 (3rd Cir. 1959). In the opinion last cited, the finality of the administrator's findings, "supported by evidence, and within the scope of his authority," is demonstrated by extensive quotation from the leading case of Crowell v. Benson, 285 U.S. 22, 46, 52 S.Ct. 285, 76 L. Ed. 598 (1932).

It is not necessary to go further than to determine that the administrative findings are *not unsupported* by substantial evidence on the record considered as a whole. This Court need not consider whether the evidence compelled the inferences at which the deputy commissioner arrived. O'Leary v. Brown-Pacific-Maxon, 340 U.S. 504, 508, 71 S.Ct. 470, 95 L.Ed. 483 (1951).

■ The foregoing concludes discussion of the question presented by the order of remand of the United States Court of Appeals. Lavino Shipping Company v. Donovan, 267 F.2d 59 (3rd Cir. 1959). Two other matters which have arisen since that decision remain for disposition. The first problem may be stated in terms of the complaint filed by the plaintiff Lavino:

"11. The Deputy Commissioner abused his discretion by ignoring uncontradicted evidence of record that the Administratrix of the Estate of GEORGE SMITH filed a Third-Party action against MARINE TRANSPORT LINES, INC. in the United States District Court for the Eastern District of Pennsylvania, Civil Action No. 20924, averring that said Third-Party was responsible for the death of GEORGE SMITH: that said action was disposed of by compromise settlement approved by Order of Welsh, J., under date of May 29, 1959, ordering payment of the proceeds of said compromise settlement to the Administratrix of the Estate of GEORGE SMITH: that ANNA T. LOU SMITH is the sole heir of GEORGE SMITH under the Intestate Act of the Commonwealth of Pennsylvania and is the sole beneficiary of the proceeds of the Estate, which consists of the proceeds of said Third-Party compromise settlement.

"12. The Deputy Commissioner ignored uncontradicted evidence that the employer did not give written approval of the compromise settlement made by the Administratrix of the Estate of GEORGE SMITH with the Third-Party, MARINE TRANS-

PORT LINES, INC., (Section 933g), and that the said ANNA T. LOU SMITH is in no event entitled to receive compensation in excess of the proceeds of the Third-Party compromise settlement."

Over objections of counsel for the intervenor, Anna, the deputy commissioner admitted into evidence a total of nine exhibits relating to the allegations of the plaintiff last quoted. In addition, the deputy commissioner permitted plaintiff to adduce testimony from one Harry S. Hall, insurance adjuster, in support of the quoted paragraph 12 of his complaint—the effect of which was to show that the employer did not give written approval of the compromise settlement in question (N.T. 195–211).

As to the effect of the described third-party action or the compromise settlement, however, the deputy commissioner made no findings. He took the position that the question involved a matter of law, and was beyond the scope of the proceedings before him (N.T. 187, 188, 191, 192 and 200).

This Court agrees with the deputy commissioner that the proceedings and transactions in question, as revealed in the nine exhibits, do not raise questions of fact. The contentions of plaintiff, as stated in the paragraphs 11 and 12 of his complaint heretofore set out, simply raise questions of law. And in the opinion of this Court, the plaintiff's position cannot be sustained. In other words, the third-party proceeding, and the compromise settlement thereof, do not bar Anna's right to compensation.

In view of that conclusion, a complete review of the various proceedings which are reflected in the exhibits, and a recounting of the various contentions of the several interested parties, seems unjustified. The gist of the matter is that the rival widow brought a third-party action, under the Jones Act, on behalf of herself and her daughter. Such proceeding was not in any sense for the benefit of Anna, or of the estate of the decedent. Such proceeding is for the benefit of certain persons named and

specified in the Jones Act. 46 U.S.C.A. § 688. It has been repeatedly so interpreted. Bailey v. Baltimore Mail S. S. Co., 43 F.Supp. 243 (S.D.N.Y.1941); The Pan Two, 26 F.Supp. 990, 992 (D.Md. 1939); II Norris, The Law of Seamen § 660, p. 329 (Baker, Voorhis & Co., Inc. 1952).

There is not the slightest suggestion in the record that the claimant, Anna, ever received any part of the proceeds of the third-party settlement. To hold that she—as a complete stranger to the third-party proceeding—is in any way bound or affected thereby would flout the judicial tradition of liberal construction of the Act. Garrett v. Moore-McCormack Co., 317 U.S. 239, 248, 63 S.Ct. 246, 87 L.Ed. 239 (1942); Baltimore & Philadelphia Steamboat Co. v. Norton, 284 U. S. 408, 414, 52 S.Ct. 187, 76 L.Ed. 366 (1931).

Cases similar to the present one have arisen under the New York Workmen's Compensation Law, which both parties—by their citations—accept as having been the model for the Longshoremen's and Harbor Workers' Compensation Act. Under the New York law, where the compensation claimant does not participate in the third-party recovery obtained by the decedent's personal representative through a settlement made without the employer's consent, the claimant is not barred thereby from receiving such compensation. See Gruhn v. Miller Brown, Inc., 275 App.Div. 975, 90 N.Y.S.2d 724 (1949); Petrone v. U. S. Trucking Corp., 236 App.Div. 531, 260 N.Y.S. 671 (1932); Liberty Mutual Ins. Co. v. Mueller, 154 Misc. 718, 278 N.Y.S. 140 (1935).

The statutory sections here in question are found in 33 U.S.C.A. § 933, as follows:

"§ 933(a) If on account of a disability or death for which compensation is payable under this chapter the person entitled to such compensation determines that some person other than the employer is liable in damages, he may elect, by giving notice to the deputy commissioner in such manner as the Secretary may

provide, to receive such compensation or to recover damages against such third person.

\* \* \* \* \* \*

"(g) If a compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation \* \* \* only if such compromise is made with his written approval."

Plaintiff argues that the above section applies because Nancy (the other woman) brought a third-party action as Administratrix of the Estate of George Smith and then compromised that claim without plaintiff's written approval. Plaintiff progresses to the contention that Anna is estopped to deny that she is bound by that compromise because she, Anna, is the person entitled to receive the proceeds of the estate; because she did not challenge Nancy's right to act as Administratrix; and did not intervene in the third-party action.

It would appear that the plaintiff's use of the term *estoppel* invokes the underlying equitable jurisdiction of this Court. Cf. Bateman v. Ford Motor Company, 302 F.2d 63 (3rd Cir. 1962). In that respect, however, it does not appear that the equities are on plaintiff's side. There is, for instance, no showing that Anna could have prevented the present situation. Plaintiff Lavino, however, was aware of the third-party action, since it had been joined therein and filed answer as third-party defendant. Commissioner's Exhibit 3, N.T. 215–20. Under the Act, plaintiff could have made payment of the Deputy Commissioner's order of April 15, 1958, which would have effected an assignment to it of the claim, and placed itself in control of the third-party action, under either of two provisions: 33 U.S. C.A. § 933(b) or (c).

As stated, it seems inequitable and unfair to try to bind the claimant by a third-party proceeding to which she was a stranger. Moreover, before plaintiff Lavino could be heard to say that Anna is to be penalized for failing to intervene in those proceedings, Lavino would first have had to justify its own lack of action to protect its own rights.

The remaining question concerns counsel fees. The Deputy Commissioner's supplemental order of August 9, 1961 fixed claimant's counsel fee at

" \* \* \* $700.00 including formal hearings had on September 17, 1957 and December 9, 1960, but not including payment for services rendered in connection with the appeal filed in the said case with the U. S. Court of Appeals \* \* \*."

That award is supported by the record, and is adjudged to be reasonable. It is therefore confirmed.

Counsel for the claimant, Anna, now further requests that if the complaint is dismissed, his counsel fee be fixed under the provisions of paragraph 28(a) of the Act. 33 U.S.C.A. § 928(a). He asks compensation for 88 hours spent in the preparation of pleadings, briefs, and in argument in connection with the first appeal to this Court in which a Petition to Intervene and an answer were prepared and filed; for a brief filed thereafter and for oral argument in that case; for work in connection with the appeal to the Circuit Court of Appeals; and for the present proceedings before this Court which included the preparation of a brief.

He further asks for an allowance to cover the following sums advanced for costs:

| | |
|---|---|
| Affidavits | $1.00 |
| Photostats | 2.00 |
| Cab Fare | 2.00 |
| Marriage certificate | 1.00 |
| Notes of testimony | 76.20 |
| Filing appeal | 5.00 |
| Opinion | 4.80 |
| Appeal | 25.00 |
| | $117.00 |

The sums advanced for costs appear proper and reasonable, and will be allowed.

From this Court's observation of the course and conduct of these proceedings, the expenditure of 88 hours for the described work likewise seems reasonable and warranted. Before a fee can be fixed for those services, however, the relative size of the award must be considered. Since the award herein confirmed consists of $18.38 per week commencing March 30, 1956, the rate assigned to the hours of work will necessarily be conservative. On that basis, in addition to the deputy commissioner's supplemental award of $700 for the proceedings before him, and the $117 allowed for costs advanced, the Court sets the fee for the described 88 hours of work on proceedings before the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit at the amount of $1320., all to be paid to Joseph N. Bongiovanni, Jr., Esq., counsel for claimant-intervenor Anna T. Lou Smith.

For the foregoing reasons, the Motion for Summary Judgment of the Lavino Shipping Company is denied, the Motion for Summary Judgment of P. J. Donovan, Deputy Commissioner in which claimant-intervenor Anna T. Lou Smith has joined, is granted; the Complaint of Lavino Shipping Company is dismissed; the Compensation Order and Award filed August 9, 1961 by the Deputy Commissioner is affirmed; the supplemental order of August 9, 1961 by the Deputy Commissioner directing that the employer, Lavino Shipping Company, pay to Joseph N. Bongiovanni, Jr., the sum of $700 is affirmed; the Court also determines that the said employer shall pay to Joseph N. Bongiovanni, Jr., the further sum of $1437 as additional attorney fees and costs, which sum is to be a lien upon and paid out of the Deputy Commissioner's award which has been heretofore affirmed; and it is SO ORDERED.