**ROBINSON TERMINAL WAREHOUSE CORPORATION, the Travelers Insurance Company, Plaintiffs,**

v.

**Herman ADLER, Deputy Commissioner, etc., Defendant.**

**Civ. A. No. 81–69–A.**

United States District Court,
E. D. Virginia,
Alexandria Division.

July 13, 1970.

James C. Gregg, Arlington, Va., for plaintiffs.

Brian P. Gettings, U. S. Atty., and C. P. Montgomery, Jr., Asst. U. S. Atty., Alexandria, Va., for defendant.

Plato Cacheris, Alexandria, for the intervenor (infant).

## ORDER

OREN R. LEWIS, District Judge.

This is an appeal by plaintiffs, Robinson Terminal Warehouse Corporation, employer, and its insurance carrier, The Travelers Insurance Company, seeking reversal of a compensation order of the defendant Deputy Commissioner awarding workmen's compensation benefits to Donald W. Moffitt.

The cause arose upon a complaint to review and set aside as not in accord with law the order entered on February 13, 1969 by the Deputy Commissioner of the Bureau of Employees Compensation, United States Department of Labor, pursuant to the provisions of the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq.

The case was heard on the plaintiffs' motion for summary judgment and the Deputy Commissioner's cross-motion for summary judgment.

The Court being of the opinion that the defendant's cross-motion ought to be granted,

It Is So Ordered.

The undisputed material facts are as follows. Donald Moffitt, then a nineteen-year-old infant, was injured on June 30, 1965 while working aboard the S.S. ALICE BOWATER in the course of his employment with the Robinson Terminal Warehouse Corporation. Claim was made against his employer for workmen's compensation. 33 U.S.C. § 904. Shortly thereafter suit was filed in this court against the owners of the vessel as third-party tortfeasors. 33 U.S.C. § 933.

Some months later- the infant's attorney advised this Court that a compromise had been agreed upon in the third-party action. Before approving the settlement this Court appointed a guardian ad litem to represent the infant's inter-

ests. He investigated the facts and circumstances of the case and the extent of the injuries, and recommended to the Court the approval of the proposed settlement.

Counsel for the parties, the guardian ad litem and the mother and next friend of the infant endorsed the proposed settlement order and presented the same to the Court for approval.

Some time thereafter, out of the presence of the litigants and their counsel, the Court reviewed the file, discussed the extent of the injuries with the infant's father, who was then a deputy marshal of this Court, and, then and now believing the proposed settlement to be fair and just to all parties, approved it. The Court was not then advised that the proposed settlement had or had not been submitted to the plaintiff's employer, Robinson Terminal Warehouse Corporation, for its written consent. The record, however, discloses no such written consent was in fact given.

Section 933(f) of the Longshoremen's and Harbor Workers' Compensation Act provides that an employee may not retain both the compensation awarded and the judgment paid by the third-party tortfeasor but only that amount which is larger. If the judgment is less than the award, the employer is liable for the difference—However, if the compromise of the third-party claim is less than the amount of compensation awarded, the employer shall be liable for the difference only if such compromise is made with his written approval. 33 U.S.C. § 933(g).

The plaintiff insurance carrier claims the third-party settlement in this case was a compromise as that word is used in § 933(g); therefore it is not liable for the payment of the difference in Moffitt's compensation award because its insured, Robinson Terminal Warehouse Corporation, did not give its written consent to the third-party settlement.

The United States Court of Appeals for the Fourth Circuit, by whom this

Court is bound, in interpreting § 933(g), has said:

"In the absence of language plainly demanding it, a construction is not to be favored which visits a forfeiture on the employee or his dependent and gives a windfall to the insurance carrier. 'This Act must be liberally construed in conformance with its purpose, and in a way which avoids harsh and incongruous results. * * * '" Bell v. O'Hearne, 284 F.2d 777 (1960).

The clear purpose of the section is to protect

"* * * the employer against his employee's accepting too little for his cause of action against a third party. That danger is not present when damages are determined, not by negotiation between the employee and the third party, but rather by the independent evaluation of a trial judge. Cf. Bell v. O'Hearne, 284 F.2d 777." Banks v. Chicago Grain Trimmers, 390 U.S. 459, 88 S.Ct. 1140, 20 L.Ed.2d 30.

Such evaluation was here made. This Court had one of its officers, a guardian ad litem, make an independent investigation of liability and the extent of the injuries before approving the proposed settlement. Upon receiving the guardian ad litem's recommendation, the Court made an independent evaluation of the proposed settlement by carefully examining the file and discussing the injuries and the amount of the settlement with the infant's father.

In addition, this Court discussed the matter on more than one occasion with participating counsel in order to satisfy itself that the proposed settlement was fair and just under the circumstances. This Court's independent action in approving the proposed settlement protected both the infant's and the employer's rights within the purview of § 933(g). See Bell v. O'Hearne, supra.

Assuming arguendo that this Court's judgment order of December 9, 1966 was a "compromise" within the meaning of § 933(g), the plaintiff insurance carrier, in view of its relationship with the third-party tortfeasor, would both in fact and in law be estopped from asserting any prejudice of their rights. The record in this case clearly shows that the plaintiff insurance company was the carrier for both the plaintiff employer, Robinson Terminal Warehouse Corporation, and the third-party tortfeasor, S.S. ALICE BOWATER. Payment of the third-party judgment to Moffitt was not made by the S.S. ALICE BOWATER but rather by The Travelers Insurance Company.

Even though Robinson did not formally give its written approval to the judgment order, it was in fact—through its insurance carrier, Travelers—a participant in the third-party settlement proceeding and had complete knowledge of the negotiations and all matters pertaining thereto. Certainly Travelers should not be permitted to say that its left pocket did not know what was paid out of its right pocket.

The deficiency compensation, together with interest at six per cent from the date of the final award, plus the taxable costs of this proceeding, should be forthwith paid to Donald W. Moffitt, and

It Is So Ordered.