440 F.2d 1060
 ROBINSON TERMINAL WAREHOUSE CORPORATION and the Travelers Insurance Company, Appellants,
v.
Herman ADLER, Deputy Commissioner, Bureau of Employees Compensation, U. S. Department of Labor, Appellees.
 No. 15021.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1971.
 Decided April 8, 1971.
 
 James C. Gregg, Washington, D. C., for appellants.
 Leavenworth Colby, Atty., Dept. of Justice (L. Patrick Gray, III, Asst. Atty. Gen., and Morton Hollander, Atty., Dept. of Justice, on the brief), for appellees.
 Before HAYNSWORTH, Chief Judge, and WINTER and BUTZNER, Circuit Judges.
 WINTER, Circuit Judge:
 
 
 1
 Plaintiffs sought to set aside the Deputy Commissioner's award of deficiency compensation under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 901 et seq., on the ground that the injured claimant had compromised his claim against a third party without his employer's written approval so as to extinguish plaintiffs' liability for such compensation under § 33(g) of the Act. The district judge declined to grant the relief sought and ordered the award to be paid. Because plaintiff, The Travelers Insurance Company (Travelers), as insurance carrier for the employer, negotiated and paid the injured claimant's claim against the third party, we think that the requirement of the Act that the employer give approval in writing as a condition to a further claim for compensation was met. We affirm.
 
 
 2
 * Donald Moffitt, an infant, was injured in the course of his employment as a longshoreman while in the employ of Robinson Terminal Warehouse Corporation (Robinson). The injury occurred aboard the S. S. ALICE BOWATER when a hatch cover closed on his right hand, amputating two fingers and causing injury to another.
 
 
 3
 Moffitt was furnished medical treatment and compensation under the Act without an award. They were paid by Travelers, Robinson's insurer. He then filed suit in admiralty against the ship, alleging unseaworthiness and negligence on her part causing his injuries. Robinson was potentially liable to the ship for any recovery against her by Moffitt either as a result of express contract to indemnify, or for breach of implied warranty of workmanlike services under Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1956). Travelers, as Robinson's insurer, participated fully in the ship's settlement negotiations with Moffitt. As the settlement negotiations progressed, Moffitt's counsel was advised by the ship's attorneys that the latter must consult with Travelers as to its position. At one point Travelers offered to pay $1,500 and to waive its right, as Robinson's insurer, to reimbursement of the compensation benefits it had paid. Finally, however, Travelers paid $7,500, the full amount of the settlement, without waiver of its subrogation claim, and Travelers was reimbursed $974.20 for its compensation payments.
 
 
 4
 Because Moffitt was an infant, the district court in the admiralty case appointed a guardian ad litem and approved the settlement before it was consummated.[1] After the settlement was approved and consummated, Moffitt sought the deficiency compensation which plaintiffs seek to set aside. The Deputy Commissioner made an award of $5,403.58.[2]
 
 II
 
 5
 The statute with which we are concerned is § 33(g) of the Act. 33 U.S. C.A. § 933(g). Section 33(f), 33 U.S.C. A. § 933(f), which precedes it, provides that if a person entitled to compensation under the Act files a suit for damages against a third person within six months after receiving an award, "the employer shall be required to pay as compensation * * * a sum equal to the excess of the amount which the Secretary determines is payable on account of such injury or death over the amount recovered against such third person." Section 33(g) then follows:
 
 
 6
 (g) If compromise with such third person is made by the person entitled to compensation or such representative of an amount less than the compensation to which such person or representative would be entitled to under this chapter, the employer shall be liable for compensation as determined in subdivision (f) of this section only if such compromise is made with his written approval. (emphasis supplied.)
 
 
 7
 It should be noted that § 33(g) is dealing with a problem arising from the basic principle that where a third person has caused the injury giving rise to an employer's liability under the Act, the employer is entitled to be reimbursed for the amounts he is liable for under the Act out of any recovery from the third person. § 33(d), 33 U.S.C.A. § 933 (d).
 
 
 8
 The purpose of § 33(g) is to protect "the employer against his employee's accepting too little for his cause of action against a third party" in those instances where the employee has filed suit against a third party and is otherwise in control of the litigation. Banks v. Chicago Grain Trimmers Asso., 390 U.S. 459, 467, 88 S.Ct. 1140, 1145, 20 L.Ed.2d 30 (1968). Earlier, we had described the section's purpose in the same vein when, in Bell v. O'Hearne, 284 F.2d 777, 780 (4 Cir. 1960), we said "[i]t is the evident purpose of the provision to prevent an employee or his beneficiaries to manage independently the course of pending litigation or to affect prospective litigation that is designed for the use of the employer as well as the employee or his dependents." We also added, citing Voris v. Eikel, 346 U.S. 328, 333, 74 S.Ct. 88, 98 L.Ed. 5 (1953), "[i]n the absence of language plainly demanding it, a construction is not to be favored which visits a forfeiture on the employee or his dependent and gives a windfall to the insurance carrier." 284 F.2d at 781.
 
 
 9
 Recognition of the purpose of § 33(g) and the spirit of liberality with which it is to be construed must be coupled with recognition of the realities of a case like the instant one. Travelers was the workmen's compensation insurer of Robinson on whom there was ultimate potential liability for Moffitt's recoveries. Travelers covenanted to defend Robinson and to respond for Robinson's liability to the limits of its policy. Robinson agreed to cooperate with Travelers with regard to any claims asserted against it insured by Travelers at the risk of forfeiting coverage. It may be fairly said that, from Robinson's viewpoint, Travelers controlled the workmen's compensation claim against Robinson and the ship's potential third-party claim against Robinson. Travelers was in fact well aware of both claims and cognizant of its rights. It attempted to settle the damage suit against the ship, in part, by offering to forego its right of reimbursement for medical expenses and compensation it had paid as insurer of Robinson. It actually paid the settlement which the ship ultimately made with Moffitt. In reality, Travelers was Robinson in workmen's compensation claims against Robinson and in settling Moffitt's claim against the ship.
 
 
 10
 We are constrained to hold, therefore, that when Travelers agreed to settle Moffitt's suit for personal injuries against the ship and issued its written draft in payment of the agreed figure, the employer approved the compromise in writing as required by § 33(g). Dudley v. O'Hearne, 212 F.Supp. 763 (D.Md. 1963).
 
 
 11
 Affirmed.
 
 
 
 Notes:
 
 
 [1]
 In plaintiff's suit to set aside the deficiency compensation award, the district court was of the view that its approval of the settlement rendered it not a "compromise" within the meaning of § 33(g) of the Act. We express no view upon the correctness of this conclusion. We simply prefer to rest our decision on another ground
 
 
 [2]
 When Robinson and Travelers failed to pay this sum promptly, the Deputy Commissioner made additional awards under §§ 14(b), (f) and (m) of the Act